

| Order Form (01/2005) | | | | |
|---|---|---|---|---|
| United States District Court, Northern District of Illinois | | | | |
| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 11 C 4349 | DATE | 6/14/2012 | |
| CASE TITLE | Nancy Morrow vs. Patrick R. Donahoe, Postmaster General, United States Postal Service | | | |

**DOCKET ENTRY TEXT**

Plaintiff Nancy Morrow's ("Plaintiff") Motion for Ruling [40] is granted. Plaintiff's Motion for Reconsideration [26] is denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Before the Court is pro se Plaintiff Nancy Morrow's ("Plaintiff") motion for reconsideration. For the following reasons, the motion is denied.

    Since Plaintiff filed this motion within twenty-eight days of the Court's entry of judgment, the Court construes the motion as filed pursuant to Rule 59(e). See Taylor v. Wexford Health Sources, Inc., No. 11-2178, 2012 WL 627751, at *1 (7th Cir. Feb. 28, 2012) (citing Ho v. Taflove, 648 F.3d 489, 495 & nn.4-5 (7th Cir. 2011)). "[F]or relief under Rule 59(e) the movant must demonstrate a manifest error of law or fact or present newly discovered evidence." Boyd v. Tornier, Inc., 656 F.3d 487, 492 (7th Cir. 2011) (citations omitted). Rule 59(e) "requires that the movant 'clearly establish' one of the aforementioned grounds for relief." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). District court orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988); see also Oshana v. Coca-Cola Co., No. 04-CV-3596, 2005 WL 670522, at *2 (N.D. Ill. Mar. 16, 2005). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

    On November 18, 2011, the Court held a hearing on Plaintiff's motion of resolution, seeking $11,000,000,000.00 in compensatory and punitive damages for alleged violations of Title VII of the Civil Rights Act of 1964, and the Age Discrimination Employment Act ("ADEA"). The Court denied the motion, and dismissed the case as frivolous. Minute Order, Nov. 18, 2011. "[D]emanding punitive damages equal to the gross national product of a small nation, is frivolous." Espinueva v. Garrett, 895 F.2d 1164, 1165 (7th Cir. 1990). Further, "[n]either Title VII nor the ADEA authorizes awards of compensatory or punitive damages, as opposed to 'equitable' relief such as reinstatement and back pay." Id. (citations omitted). But see 42 U.S.C. § 1981a (providing punitive damages against a respondent (other than a government, government agency or political subdivision) and compensatory damages for intentional employment

## STATEMENT

discrimination).

In the instant motion, Plaintiff does not demonstrate a manifest error of law or fact. Nor does she present any newly discovered evidence to establish grounds for relief. Plaintiff's two-page motion, including forty-four pages of supporting documents, is largely incoherent. Plaintiff states, for example, that "Felony crimes does [sic] not have not [sic] statutory of time and is not trivial issues which was committed at the hands of the postal service and also constitues [sic] and carries a high fines and inprisonment [sic]. Its violation holds presidents [sic] over all issues including deiscrimintory [sic] issues. . . ." Mot. for Reconsideration. Because Plaintiff fails to clearly establish any ground for relief under Rule 59(e), the motion is denied.

IT IS SO ORDERED.

FILED
2012 JUN 15 AM 8:55
CLERK
U.S. DISTRICT COURT