UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NANCY MORROW, )
)
Plaintiff, ) Case No. 11-CV-04349
)
v )
PATRICK R.DONAHOE, Postmaster ) Judge CHARLES R. NORGLE
GENERAL, UNITED STATES POSTAL )
SERVICE, AGENCY, )
)
Defendant.

## CORRECTED MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PLAINTIFF NANCY MORROW PRO SE FOR SUMMARY JUDGMENT 11530 S.

LAFLIN CHICAGO, IL 60643 PATRICK R. DONAHOE, POSTMASTER GENERAL, UNITED

STATES POSTAL SERVICE AGENCY's (hereinafter the Plaintiff), Motion for Summary

Judgment, states as follows: Rule 56.1

### INTRODUCTION

MEANING OF "DISCRIMINATE AGAINST" – A MATERIALLY ADVERSED ACTION

BURLINGTON NORTHERN & SANTA FE RAILWAY v. WHITE Supreme court of the United

States, 2006 548 U.S. 53, 126 S. ct. 2405, 165 I. Ed 2d 345.

Dismissed on 06-14-2012. For retaliation materially adverse action, retaliation used as

disciplinary action, discrimination based on age and sex, failure to stop harassment, and creating

a hostile work environment. 03-31-2010 I was issued a 7 day suspension with 40Hrs. loss of pay.

*Id,* ¶¶ 1. Supervisor claimed that I used Unauthorized Overtime and claimed I Fail to follow her

Instruction not to closeout at 2:30. *Id.,* ¶¶ 1. Evidence showed I closeout at 3:03 & continued to

serve customers. *Id.,* ¶¶ 11. Overtime was done by all Clerks under age 40 *Id.,*¶¶ 20-21

discrimination based on age and sex, *Id.,*¶¶ clerks Latrice Hopkins, Felicia Hardy, and Rhonda

Frazier etc., sex male employees Anthony Calyen Ezell Jr, Grover Tilmon, Algen Bailey, *Id.,*¶¶

9-10.

1

Postal Service response: Admit jurisdiction to 42 U.S.C.200e-5(f) (3) &29 U.S.C.633a,

AN APPEAL FOR CASE 11-CV-04349 12-2666 REVISED in *Id.*, ¶¶ 16. Regard to the appellant's

age-discrimination claim and the case summary REMANDED. TITLE VII claims by The

Supreme Court has held and employees who creates or tolerates a work environment when it

premeditated with "discriminatory, intimidating, ridicule and insult" that is sufficient, severs or

persuasive as alter the conditions of an individual employment which creates and abusive work

environment is a violation of the TITLE VII.

## STATEMENT OF FACTS

1. I WAS ISSUED A 7 DAY SUSPENSION Loss of pay that was materially adverse action

   FAILURE TO FOLLOW INSTRUCTION AND UNAUTHORIZED OVER TIME

   *Id.*, ¶¶ 3.

MEANING OF "DISCRIMINATE AGAINST" A MATERIALLY ADVERSED ACTION

BURLINGTON NORTHERN & SANTA FE RAILWAY v. WHITE Supreme Court of the United

States, 2006 548 U.S. 53, 126 S. ct. 2405, 165 I. Ed 2d 345.

### a. CHARGE 1: FAILURE TO FOLLOW INSTRUCTIONS

On Wednesday, March 31, 2010, at approximately 2:30pm, you closed your window and

prepared the end of day close out procedure, I informed you that it was early and you needed to

open your window again to service customers, you began to give me many different reasons as to

why you were closing out. You still did not re-open your window to service the customers.

*Id.*, ¶¶ 1.

Failed to follow her instruction not to closeout at 2:30pm. Evidence showed I closeout at

3:03 & continued to serve customers. *Id.*, ¶¶ 11.

### b. CHARGE 2: USE OF UNAUTHORIZED OVERTIME

On Monday, March 29, 2010, you used .21 units of overtime, on Tuesday, March 30, 2010

you used .12 units of overtime and on Wednesday, March 31, 2010 you used .18 units of

overtime. The time usage is verified by your clock rings in TACS. On all three days respectively

you were not asked to stay and work any overtime and you closed your retail window in more than enough time to end your tour within your scheduled eight hours. *Id.*, ¶¶ 1.

Supervisor claimed that I used Unauthorized Overtime

MY SUPERVISOR WAS ALSO AWARE THAT I HAD OVER $400.00 OF VIODED METER STRIPS THAT NEEDED TO BE CORRECTED BECAUSE OF MALFUNCTIONING OF THE EQUIPMENT WHICH CAUSED ME TO REMAIN ON THE CLOCK 10 MINUTES INTO OVERTIME. *Id.*, ¶¶ 2, 13=15

All the clerks that worked in the finance Dept. Male, Female and part-time regular junior clerks who was under the age of 40 had overtime during the month of March and yet I was issued a letter of 7 day suspension by Supervisor Lisa Maya and claimed I DISPARATED TREATMENT IS A VIOLATIONFOR AGE AND SEX DISCRININATION. Lisa Maya named clerks who did not have unauthorized overtime. *Id.*, ¶¶ 4. Gail Rocket *Id.*, ¶¶ 21-23.

Postal Service response: Admit jurisdiction to 42 U.S.C.200e-5(f) (3) &29 U.S.C.633a, I am issuing to you this 7 Day Suspension for the reason(s) set forth below. Unless delayed by the initiation of a timely grievance, you will begin your suspension effective on May 9, 2010 at 7:00am. You are to return to duty at your regularly scheduled reporting time on your first regularly scheduled day following May 15, 2010.

The Supervisor Lisa Maya had no justified cause and she refused to ha a Step One with the Union to delay the action of the suspension that she was forced to take May 9-15. *Id.*, ¶¶ 17. However, on appeal Ms. Morrow claims, First of all there is no discussion for a 7 day suspension with loss of pay of 40 hours *Id.*, ¶¶ 16   CASUAL LINKS.

FAILURE TO STOP HARASSMENT & CREATING A HOSTILE WORK ENVIRONMENT I have over 50 dates of complaints of Harassment Civil Action Law suit September 5, 2008. Case No. 08-cv-5087 for June 16, 2006 claims No. 4J-606-0125-06. *Id.*, ¶¶ 24.35-76

The Station Manager Mrs. Gladys Jolia was involvement first Civil Action 2008 and Previous cases that were filed a casual links of 3-4 months of continuous harassment, and

Unlawful activities that was dismissed to untimely filing, which has been used as Casual links of records of evidence which links to Supervisor Mrs. Lisa Maya write-up 3-31-2010, which lead to my suspension April 2010 on the behalf Station Manager Mrs. Gladys Jolia who encouraged her Supervisor to target me. *Id.,* ¶¶ 33-36.The case was filed March 31, 2010 for the 7 day suspension did compiled within the 45 days statute of limitation and EEO Claims that was Dec. 31, 2009 on Mrs. Alice EEO claims filed within 14 days along with the evidence of additional prior EEO activity.

## ARGUMENT

Morrow Subject to a Material Adverse Employment Action. DISPARATED TREATMENT IS A VIOLATION FOR AGE AND SEX DISCRIMINATION.

### CHARGE 1: FAILURE TO FOLLOW INSTRUCTIONS

According to records of evidence Supervisor Lisa Maya allegation had no merits. No justified cause and had no legitimate reason. It was rescinded by the Union to its entirety but I never recovered back pay for issuing me a 7 day suspension & 40hrs loss of pay which was used as a disciplinary action for failure to follow instruction that was premeditated, intention and materially adverse.

1. Summary Judgment MEANING OF "DISCRININATE AGAINST" – A MATERIALLY ADVERSED ACTION BURLINGTON NORTHERN & SANTA FE RAILWAY v. WHITE Supreme court of the United States, 2006 548 U.S. 53, 126 S. ct. 2405, 165 I. Ed 2d 345.

For retaliation materially adverse action, 03-31-2010 I was issued a 7 day suspension with 40hrs. Loss of pay. **CHARGE 1: FAILURE TO FOLLOW INSTRUCTIONS** Failed to follow her instruction not to closeout at 2:30. Evidence showed I closeout at 3:30 & continued to serve customers. Overtime was done by all Clerks under age 40 according to records of evidence Supervisor Lisa Maya allegation had no merits, NO JUSTIFY CAUSE & HAD NO LEGITIMATE REASON, REFER TO EXHIBIT 1 FOR ISSUING ME A 7 DAY

4

SUSPENSION & 40HRS LOSS OF PAY WHICH WAS USED AS DISCIPLINARY ACTION FOR FAILURE TO FOLLOW INSTRUCTION THAT WAS PREMEDITATED, INTENTIONAL AND MATERIALLY ADVERSED.

1. Morrow has Establish a *Prima Facie* Case of Retaliation Discrimination. The filing of formal disciplinary charges were such charges are entered in the employee's permanent file can qualify as materially adverse. See, e.g. uddin v. city of N.U., 316 fed appx...04 at 5-6(2d Cir, 2008). Merely placing an employee on a performance plan or issuing a disciplinary letter, however has been found not qualify under the new Supreme Court standard, See Kaplan v. Multimedia Entm't Inc., No. 03-CV-0805c(F), 2008 WL. 686774, at 6(W.D.N.Y. Mar. 10, 2008) (performance plan): Washington v. Norton, No.3-04CV104, 2007 WL 1417290, at 4(N.D.W.Vo. May 11, 2007) (discipline letter). A supervisor conspiracy to force the complaining employee to quit her job, however, is sufficiently adverse. See Patane v. Clark, 508 F.3d 106, 115-16(2d Cir. 2007)

MEANING OF "DISCRININATE AGAINST" – A MATERIALLY ADVERSED ACTION BURLINGTON NORTHERN & SANTA FE RAILWAY v. WHITE Supreme court of the United States, 2006 548 U.S. 53, 126 S. ct. 2405, 165 I. Ed 2d 345.

JUSTICE BREYER DILIVERED THE OPINION OF THE COURT.

The Courts of Appeals have come to different conclusions about the scope of the act's anti-retaliation provision, particularly the research of its phrase "discriminate against." Does that provision confine actionable retaliation to activity that affects the terms and conditions of employment? And how harmful must the adverse actions be to fall within its scope?

We conclude that the anti-retaliation provision does not confine the actions and harms it forbids to those that are related to employment of occur at the workplace. We also conclude that the provision covers those (and only those) employer actions that would have materially adverse to a responsible employee or job applicant. In the present context that means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from

making or supporting a charge of discrimination. We speak of material adversity because we believe it is important to separate significant from trivial harms.

The Postal Service used me as an example by creating a hostile work environment for me to persuade and retain other employees from filing claims against them.

Employer Liability: How should Burlington affect and employer's liability for retaliatory conduct engaged in by its agents? In Cross v. Cleaver, 142 F .3d 1059, 1074(8th Cir.1998, the held that" where a supervisor employee with power to hire, fire, demote, transfer, suspend, or investigate an employee is shown to have use that authority to retaliate for filing of a charge of sexual harassment, the plaintiff need not also prove that the employer participated in or knew or should have known of the retaliatory conduct to hold the employer liable."

In Burlington Industries, Inc., v. Ellerth, 524 U.S. 742. 118 S. Ct. 2257, 141 I. Ed.2d 662(1998), reproduced in Chapter 10, the Supreme Court interpreted Title VII to impose vicarious liability on employers for an actionable hostile work environment created by a supervisor with authority over the employee victim. Elleth/Farugher employer liability rule to emphasize that these cases create significant incentives for employers to initiate prompt and thorough internal investigations when employees complain about a hostile work environment.

It also creates incentives to have open and effective complaint procedures. These internal procedures and investigations ostensible place more employees—like Crawford—in the position of "opposing" employer practices through filing internal complaints or through responding to questions during internal investigators interviews, either as witnesses or victims of the allegedly harassing conduct. If the employer takes an adverse employment action against the employee who speaks up about alleged workplace harassment, he or she has a potential Crawford retaliation claim. Because I spoke up and showed that I opposed and participated against their unlawful activity and obviously communicated continuously which made management aware of the opposition by filing EEO claims.  And as a result, I was punished with more accelerated

materially adverse action and was issued 7 letters for disciplinary charge that was placed in my employee's permanent files, but was later rescinded by the union due to deficiencies.

By using retaliation as a motive the Postal Service had created a hostile work environment that displayed a genuine fractural issue on the question of causation. Some courts held that an employee asserting a retaliation claim can prove causation simply by showing that the adverse employment action occurred within a short time after the protected conduct. See, e.g., Clark County School Dist. v. Breeden, 532 U.S. 266, 273,121 X. g. 1508, 149 I.Ed.2d. 509 (2001) (per curiam) (noting that some cases "accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case").

As a result, an employee claiming retaliation may be able to establish causation simply by showing that, within some time period prior to the adverse action, the employer, by some indirect means, became aware of the views that the employee had expressed. Where the protected conduct consisted of a private conversation, application of this rile would be especially problematic because of uncertainty regarding the point in time when the employer became aware of the Title VII forbids action taken on the basis of sex that "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42U.S.C.2000e—2(a) (1).

Just three Terms ago, we reiterated, what was plain from our previous decisions, that sexual harassment is actionable under Title VII only if it is "so 'severe or pervasive' as to 'alter the conditions of [the victim's]employment and create and abusive working environment.'" Farugher v. Baca Raton, 524 U.S. 775, 786, 141 I. ED. 2d 662, 118 S. Ct. 2275 (1998)

Workplace conduct is not measured in isolation; instead, "whether an environment is sufficiently hostile or abusive" must be judged "by looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliation, or a mere offensive utterance; and whether it unreasonable interferes with an

employee's work performance' and discriminatory charges in the terms and conditions of employment. TITLE VII claims by The Supreme Court has held and employee who creates or tolerates a work environment when it premeditated with "discriminatory, intimidating, ridicule and insult" that is sufficient, severe or persuasive as alter the conditions of an individual employment which creates and abusive work environment is a violation of the title VII

a. **CHARGE 2: USE OF UNAUTHORIZED OVERTIME** DISPARATED TREATMENT IS A VIOLATION FOR AGE ANDSEX DISCRIMINATION

Postal Service response: Admit jurisdiction to 42 U.S.C.200e-5(f) (3) &29 U.S.C.633a, All clerks in the finance had overtime. Based on junior clerk under the age of 40yrs and sex male employees? Junior part time clerks Latrice Hopskin, Felicia Hardy, and Rhonda Frazier etc. sex male employees Anthony Calven Ezell Jr, Grover Tilmon, Algen Bailey, during the month of March and I was issued a letter of 7 day suspension by Supervisor. REPORTED INFORMATION Affidavit Lisa Maya stated no authorized overtime COMPARISON Gail Rocket, and all others.

THERE IS PRIMA FACIE CASEANALYSIS ESTABLISHED OFPRIOR HARASSMENT PARTICIPATION IN PROTECTED EEO AVTIVITY. DOWNING v. U.S. POSTAL SERVICE, EEOC APPEAL NO 01932783 (APRIL 13, 1994) 3 STEP RULE INTENTIONAL AND DISPARATE TREATMENT evidence of discrimination, the more frequent method of establishing a *prima facie* case is through circumstantial evidence by showing that he or she: (1) belongs to a protected class; (2) was subjected to an adverse employment action; and (3) was treated differently in this regard than similarly situated individuals who were not members of the protected group.

b. **CHARGE 1: FAILURE TO FOLLOW INSTRUCTIONS** For retaliation materially adverse According to records of evidence Supervisor Lisa Maya allegation had no merits NO JUSTIFY CAUSE & HAD NO LEGITIMATE REASON FOR ISSUING DISCIPLINARY ACTION FOR FAILURE TO FOLLOW INSTRUCTION THAT WAS

PREMEDITATED, INTENTIONAL ANDMATERIALLY ADVERSED. It was

rescinded by the Union to its entirety but I never recovered back pay.

Supreme Court of the United States, 2006 548 U.S. 53, 126 S. ct.2405 .165 I. Ed 2d 345.

The nexus, link, causal connection has been established and the nexus for temporal

proximity and causal links for casual links for motive of adverse employment retaliation action

that she had taken against me was premeditated, and pretext prove that the employers reason

were pretext intentional for discrimination BURDINE U450 U.S. at 254 HICKS, Supra us at

511. Her motive was adverse treatment based on retaliation motive as well

GARCIE-GANNON v. DEPARTMENT OF THE AIR FORCE, EEOC APPEAL

No.01821195 (JUNE 30, 1083). BURLINGTON NORTHERN SANTA FE RAILWAY

COMPANY v. WHITE, 125 S. CT. 2405 (2006): LINDSEEY v. U.S. POSTAL SERVICE,

EEOC REQUEST NO. 05980410 (NOVEMBER4, 1999) and EEOC Complaint Manual, Section

8 D 3. Notice No. 915003 (May 20, 1998). Therefore she created Harassment/Hostile work

environment based on premeditation retaliation HARRIS v. FORKLIFT SYSTEM INDUSTRY

with the intent to discriminate, and harass me. This took place because Mrs. Gladys Jolia held

meeting and encourage her Supervisors to target me and harass me and write me up.

a. MRS. MAYA CREATED A HARASSMENT/HOSTILE WORK ENVIRONMENT The

Supreme Court has held and employee who creates or tolerates a work environment when it

is premeditated with "discriminatory, intimidating, ridicule and insult" that is sufficient,

severe or persuasive to alter the conditions of an individual employment which creates and

abusive environment is a violation of title VII. HARRIS v. FORKLIFT SYSTEM

INDUSTRY. 510 U.S.17 1993. It is noted that complaint's entire case is based on retaliation

for her previous EEO complaint activity. As previously indicated, in order to establish a

*prima facie* case based on reprisal, a complaint must

MEANING OF "DISCRIMINATE AGAINST" – A MATERIALLY ADVERSED ACTION BURLINGTON NORTHERN & SANTA FE RAILWAY v. WHITE Supreme court of the United States, 2006 548 U.S. 53, 126 S. ct. 2405, 165 I. Ed 2d 345.  MIXED MOTIVE CREATING A HOSTILE AND HARASSMETN WORK ENVIRONMENT RETALIATION HARASSMENT Over a 3 to 4 months' time span Failing to stop harassment McGivern v. U.S. Postal Service, EEOC request No. 05931047 (Oct 7, 1993) JUNE OF 2003 CLAIMS FILED CASUAL LINKS.

2. FAILURE TO STOP HARASSMENT & CREATING A HOSTILE WORK ENVIRONMENT I have over 50 dates of complains of Harassment Causal Link of unlawful activity 911 calls, police reports, write ups & EEO Claims filed The nexus, link, casual connection has been established and the nexus for temporal proximity and casual links for motive of adverse employment retaliation action that she had taken against me was premeditated, and pretext prove that the employer's reason were pretext intentional for discrimination BURDINE U450 U.S. at 254 HICKS, Supra u.s.t 511 Her motive was adverse treatment based on retaliation motive as well GARCIE-GANNON v. DEPARTMENT OF THE AIR FORCE, EEOC APPEAL No.01821195 (JUNE 30, 1083). BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY v. WHITE, 125 S. CT. 2405 (2006): LINDSEEY v. U.S. POSTAL SERVICE, EEOC REQUEST NO. 05980410 (NOVEMBER4, 1999) and Title VII. HARRIS v. FORKLIFT SYSTEM INDUSTRY. 510 U.S.17 1993 it is noted that complainant's entire case is based on retaliation for her previous EEO complaint activity.

As previously, indicated, in order to establish prima facie case based on reprisal, a complaint must show that: (1) he or she engaged in prior protected activity; (2) the agency official was aware of the protected activity; (3) he or she was subsequently disadvantaged by an adverse employment action or adverse treatment; and (4) there is a casual link between the protected activity and adverse action/treatment HOCHATADT v. WORCHESTER FOUNDATION FOR EXPERIMENTAL BIOLOGY, INC. Supra, ALL (4) FOUR PRONGS HAS BE SATISFIED.

Lisa Maya was my former Supervisor in the finance dept. She was made aware of me filing a Civil Action Law Suit. That was filed Sept. 5, 2008 on the Station Manager, Mrs. Gladys Jolia at the Fort Dearborn post office she had to approve my leave for court appearance and also she was aware of the prior claim filed Dec. 31, 2009 on Mrs. Alice Chatman for discrimination retaliation harassment before the claim was filed against her 03-31-2010 for discrimination, premeditated, intentional, retaliation that was materially adverse action that she used against me. I have over 50 incidents and claims filed 3-4 months of adverse action record of evidence that was filed with EEO and the lower courts for failure to stop harassment and proof of evidence of unlawful and retaliation activity.

THE ANALYTICAL FRAMEWORK FOR RETALLIATION CLAIMS FOR PRIMA FACIE CASES HAS BEEN ESTABLISHED BY SUPERVISOR LISA MAYA FAILURE TO STOP HARASSMENT & CREATING A HOSTILE WORKPLACE Casual Link of unlawful activity 911 police reports, write ups and EEO Claims filed 03-31-2010 for discrimination, premeditated, intention, retaliation that was materially adverse action that she used against me.

I have over incidents and claims filed 3-4 months of adverse action record of evidence that was filed with EEO and the lower courts for failure to stop harassment and proof of evidence of unlawful and retaliation activity to retaliate for filing of a charge of sexual harassment, the plaintiff need not also prove that the employer participated in or knew or should have known of the retaliatory conduct to hold the employer liable.

In Burlington Industries, Inc. v. Ellerth, 524 U.S.742, 118 S. Ct. 2257. 141 I. Ed.2d 662 (1998), reproduced in Chapter 10, the Supreme Court interpreted Title VII to impose vicarious liability on employers for and actionable hostile work environment created by a supervisor with authority over the employee victim.

## CONCLUSION

Suspended White without pay. White invoked internal grievance procedure. Those procedures led Burlington to conclude that White had not been insubordinate. Burlington

reinstated White to her position and awarded her back pay for the 37 days she was suspended. White and additional retaliation charge the EEOC based on the suspended.

And again because management disagreed withal my disputes and I was told and was issued a 7 day suspension because supervisor Lisa Maya used Unauthorized Overtime discrimination based on age and sex, failure to stop harassment , and retaliation used as for retaliation materially adverse action.

According to records of evidence Supervisor Lisa Maya allegation had no merits. NO JUSTIFY CAUSE & HAD NO LEGITAMATE REASON FOR ISSUING ME A 7 DAY SUSPENSION AND 40HRS LOSS OOF PAY. It was rescinded by the Union to is its entirety but I never recovered back pay Due to prior litigation with postal service of a change of address to another postal offing being returned to sender put me behind on my bills about two months on my mortgage and had two car notes and with a 7 day suspension left me devastated. I have suffered a direct and personal deprivation at the hands of the agency that is considered a "person aggrieved" under the commission's Regulations.

As It being stated that commission's federal sector case precedent has long found and "aggrieved employee" to be one who "has suffered direct and personal deprivation at the hand of the employer" (defining and "aggrieved employee" as one who suffers present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. The Postal Service has devastated my life on a physical and psychological level and health, safety, and welfare included, but not limited to the loss that caused me financial hardship. I feel that only a substantial payment would vindicate my rights.


RESPECTFULLY SUBMITTED

NANCY MORROW, for Plaintiff
Authorized Representative
Pro Se

NAME     NANCY MORROW
ADDRESS 11330 SO. LAFLIN
CITY     CHICAGO IL 60643

12

## CERTIFICATE OF SERVICE

I hereby certify that on _____ I electronically filed PLAINTIFF'S MEMORANDUM
IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT with the Clerk of Court filing(s) to the following:

James M. Kuhn, Sr.
Assistant United States Attorney
219 South Dearborn Street
Chicago, IL 60604

Affidavit
# Exhibit 1
*1-5*

| U.S. Postal Service | | Page No. | No. Pages | Case No |
| EEO Investigative Affidavit (Witness) | | 1 | 5 | 4J-606-0103-10 |

| 1. Affiant's Name (Last, First, MI) | | | 2. Employing Postal Facility |
| Maya, Lisa | | | Cardiss Collins Processing & Distribution Center |

| 3. Position Title | 4. Grade Level | 5. Postal Address and Zip +4 | 6. Unit Assigned |
| Supervisor, Distribution Operations | EAS-17 | 433 W Harrison St Chicago IL 60699-9998 | |

### Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1987, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes where pertinent, in a legal proceeding to which the USPS is a party or has an interest to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearance, contracts, licenses, grants, permits or other benefits to a government agency upon its request when relevant to its decision concerning employment, security clearance, security or suitability investigations, contracts, licenses, grants or other benefits to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

**COMPLAINANT:**   Nancy Morrow

**CLAIM:**   Complainant alleged discrimination based on Age (Not Specified) and Retaliation (prior EEO activity) when on April 16, 2010, she received a 7-day suspension dated April 12, 2010.

**IF ANY OF THE QUESTIONS BELOW ARE NOT APPLICABLE TO YOU, PLEASE RESPOND BY ANSWERING "N/A"**

1. State your name, current position, level and work location (including address, telephone number and e-mail address).

   **Lisa Maya, supervisor distribution operations, EAS-17, Cardiss Collins Processing & Distribution Center; 433 W Harrison St, Chicago, IL 60699-9998 lisa.m.maya@usps.gov 312-983-7750**

2. If your position and/or work location was different in April 2010, please provide your position, level and work location at that time. Include details and/or temporary assignments.

   **Supervisor Customer Services, Fort Dearborn Station in Chicago, IL. I left this position November 6, 2010.**

| Affiant's Signature | I declare under penalty of perjury that the foregoing is true and correct. | Date  1-14-11 |

PS Form 2565-B, March 2001

-1-



3. At the time of the action complained of, please identify the reporting relationship you had with Complainant, if any. [Example: "I was/was not her direct supervisor."]

She reported to someone else. I was the fill in supervisor for the normal supervisor who was off that day.

4. What is your age and date of birth?

I am 35. My date of birth is August 27, 1975.

5. What is Complainant's age and date of birth? When and how did you become aware of her age and date of birth?

I do not know.

6. Are you aware of any *prior* EEO activity by Complainant (excluding the present complaint)? *If so, please provide the approximate date that you became aware of Complainant's prior EEO activity and briefly describe the EEO activity Complainant participated in.*

I've heard she's filed other cases, but I don't know what they are pertaining to. When I first started there in March 2008, my second day there, I had to take some type of action against her. She filed an EEO on me back then. I do not remember what it involved in 2008.

   a. If so, when and how did you become aware of the Complainant's prior EEO activity?

   See above.

   b. To your knowledge, have you been named by the Complainant as a Responsible Management Official or witness, in a prior EEO Complaint that he/she filed? If so, please identify the case number(s) and identify the issue(s) involved in the complaint? What was your personal involvement in the prior EEO case(s) filed by the Complainant?

   See above

7. Were you aware of the Complainant voicing opposition to discrimination in an open manner?

No

   a. If so, when and how did you become aware?

   N/A

8. Why was Complainant issued a 7-Day Suspension on or about April 12, 2010? Please fully explain the circumstances and what had occurred that led to the suspension

On that particular day, I was in the lobby. She ends her tour at 3:30. She closed her window at 2:30. I instructed her to reopen her window and she told me no. I instructed her again and proceeded to give me a bunch of reasons as to why she didn't want to open. I didn't continue the conversation any further because it was in the lobby and I didn't want to cause a scene. It was a 7-day suspension because she already had a Letter of Warning and it was

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature _____  Date 1.14.11

PS Form 2568-B, March 2001

-2-

progressive. On top of her closing an hour early, she went into unauthorized overtime. I didn't understand how she went into overtime when she shut down an hour before the end of her tour. She said she went into overtime because she had to close out, but that does not take an hour. It should take no more than fifteen minutes for a Sales and Services Associate to close out. She never did reopen her window. Her 7-day was for failure to follow instructions. The unauthorized overtime was in addition to the failure to follow instructions. The main issue was her failure to follow instructions when I instructed her to open her window and she blatantly refused.

a. What was your involvement, if any?

——  I issued the 7-day.

b. Were any other Management Officials involved? If so, please identify by name, job title, phone number, email, and type of involvement.

Mr. Antoine Echols was the tour superintendent and he concurred. Gladys Jolla was not involved. She was the station manager.

c. In the last year were you involved in any other employee being issued discipline for failure to follow instructions or unauthorized overtime? If so, identify by name, EIN, job title, age, date of birth, known EEO activity, date and type of discipline issued, and circumstances.

There have been way over 20, usually when I ask an employee to do something they just do it because they know the work has to get done. I know both areas of responsibility so I am moved around quite a bit. In any area I worked in, if a person was not following their job, they received corrective action. No other employee has flat told me no. I didn't spend most of my time in finance. It was one day here or there, but it was nothing consistent. I did not issue disciplinary action to anyone else in finance because it was not necessary. Ms. Morrow does not like to be given instructions. She's very argumentative.

d. Has any other employee under your supervision, failed to follow instructions or have unauthorized overtime in the last year and not been disciplined? If so, identify by name, EIN, job title, age, date of birth, known EEO activity, circumstances, and reason no discipline was issued.

No.

e. Please identify any rules, contract provisions and/or policies (including ELM provisions and local policies) that you believe are applicable to this issue.

The charge would be failure to follow instructions. They know you can't go into overtime without permission. We do need to fill out the 1017 A and 1017 B. Ms. Morrow is not on the overtime desired list. There is no way she can work overtime. She chose not to become part of that list. If any activity she is performing would cause her to go into overtime, she has to inform them so they can delegate the rest of that task to someone else in order for her not to go into overtime.

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature _____   Date _1/14/11_

PS Form 2608-B, March 2001                -3-



f.  Was a grievance filed with respect to this issue and, if so, provide the status of the grievance. Describe fully the settlement or resolution of the grievance, if any.

They did request information. I believe the Union filed a grievance on her behalf. From what I gather, she served the suspension without permission. She has more than twenty years of service which meant she would not have served her suspension until the grievance was resolved, but she went out on her own. Nobody knew what happened to her so she was AWOL for that week. Based on her AWOL she was issued another corrective action for being AWOL.

9.  Please identify the correct name, job title, supervisor, if they worked in the finance department, age, date of birth, and known EEO activity for the following employees. Please indicate if any of the following individuals have had unauthorized overtime or failed to follow instructions in the last year?

a.  Tawan Coleman – age/date of birth unknown; no known EEO activity; sales service distribution associate; finance department; she has not failed to follow my instructions or had unauthorized overtime to my knowledge. She is on the overtime desired list. If I needed her to work overtime, I instructed her to stay. If I didn't need her, I instructed her to go home and she went home.

b.  Mildred Samuels – age/date of birth unknown; no known EEO activity; sales service associate; finance department. She has not failed to follow my instructions or had unauthorized overtime to my knowledge. She has filed in as supervisor and is on the overtime desired list.

c.  Gail Rocket – age/date of birth unknown; no known EEO activity; sales service distribution associate; finance department. She has not failed to follow my instructions or had unauthorized overtime to my knowledge. She is not on the overtime desired list.

d.  Angela Howard – age/date of birth unknown – her birthday is in October sometime; no known EEO activity; finance department full-time; sales service distribution associate. She has not failed to follow my instructions or had unauthorized overtime to my knowledge. She is not on the overtime desired list, but she has worked overtime due to staffing. They asked her to stay. She works in the evening to close out the finance unit. There have been times when there was no one there to close out the finance unit so they asked her to stay. If she had not stayed there would have been no one to service customers from 6:00 – 9:30 pm. Ms. Morrow works in the morning.

e.  Angela Gladney- age/date of birth unknown; no known EEO activity; finance department as needed if they are short-staffed in the morning; sales service distribution associate. She has not failed to follow my instructions or had unauthorized overtime to my knowledge. She is not on the overtime desired list.

f.  Latrice Hobson – She is 36. Her date of birth is October 1, 1974. She has no known EEO activity; finance department as needed; sales service distribution associate, part-time regular. She cannot work more than six hours a day contractually. She cannot do any overtime. She has not failed to follow my instructions.

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature _____    Date _____7.14.11_____

g. Felecia Hardy – part-time regular 7 hours a day, five days a week; she has not been in our facility for at least a year. She's maybe in her late 30's or early 40's. She has no known EEO activity. She has not failed to follow my instructions. Her biggest problem has always been her attendance. To my knowledge, she hasn't had unauthorized overtime. She cannot go past her 7 hours due to her part-time regular status. She cannot go past 7 hours.

10. Is there any other information that you would like to add to your affidavit relevant to this issue?

I based issuing Complainant a corrective action based on her actions and behavior. It has nothing to do with how old she is or anything like that. It was not based on her prior EEO activity. There were no hidden agendas behind the issuance of that corrective action. I do know she has issues with taking instruction. She is extremely argumentative. She has been very fortunate that most supervisors have learned her personality. Her behavior alone should have had her terminated, but we all realize this is just her personality. Being blatant in the lobby is not going to be tolerated in front of customers. Any employee who acted as such in front of customers would have been issued a corrective action. I've always had an open door policy. If you have a problem with something I say or do, you can bring it to my attention so we can correct it, but doing it on the floor in front of customers is conduct unbecoming. When I issued her the corrective action, I could have worded it several ways. It was based on her work habits and her work behavior. The person and the worker are two different people.

11. Please forward copies of the following documents:

a. Copies of any documentation referenced in your affidavit testimony.

b. Copies of any correspondence (including e-mails) between Complainant and you regarding this issue.

c. Copies of any correspondence (including e-mails) between you and other management officials regarding this issue.

d. Copy of 7-day suspension and request for discipline for Complainant

e. Copy of request for discipline and discipline issued to employees identified in #6, 8, or 10 of your affidavit

f. TACs unauthorized overtime report for the last year or the name, phone number, and email address of the TACs manager

g. POS system daily transaction log for March 31, 2010

h. Grievance package, if any, including documentation of any resolution reached

i. Copy of an applicable LMOU

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature: _____    Date: 1.17.11

PS Form 2608-B, March 2001

-8-

**Exhibit 1**

*1 - 78*

 **UNITED STATES**
**POSTAL SERVICE**

April 12, 2010

SUBJECT: 7-Day Suspension

Nancy Morrow
11530 S Laflin Street
Chicago, IL 60643

EIN: 02780982
Job Title: Distribution Clks/Mhs
Pay Location: 144

I am issuing to you this 7-Day Suspension for the reason(s) set forth below. Unless delayed by the initiation of a timely grievance, you will begin your suspension effective on May 9, 2010 at 07:00am. You are to return to duty at your regularly scheduled reporting time on your first regularly scheduled day following May 15, 2010.

## CHARGE 1: FAILURE TO FOLLOW INSTRUCTIONS

On Wednesday, March 31, 2010, at approximately 2:30 pm, you closed your window and prepared the end of day close out procedure. I informed you that it was early and you needed to open your window again to service customers. You began to give me many different reasons as to why you were closing out. You still did not reopen your window to service the customers.

## CHARGE 2: USE OF UNAUTHORIZED OVERTIME

On Monday, March 29, 2010 you used .21 units of overtime, on Tuesday, March 30, 2010 you used .12 units of overtime and on Wednesday, March 31, 2010, and you used .18 units of overtime. The time usage is verified by your clock rings in TACS. On all three days respectively you were not asked to stay and work any overtime and you closed your retail window in more than enough time to end your tour within your scheduled eight hours.

On Monday, April 12, 2010 I conducted an investigative interview with you. I asked you if you recalled the conversation I had with you when I instructed you to reopen your retail window and service the customers because you had closed early; you stated that you did recall and you did reopen. I stated that you did not reopen as instructed and you stated you were open to input the data from your customs forms. I again emphasized that you did not service the customers as I requested. When I asked you about the use of the unauthorized overtime, you stated that your paperwork had to be corrected and no one assisted you in rectifying the issue. You also stated that in working in finance more than one person closes at the same time and sometimes you can run over in your time. I stated that I observed you closing your window at approximately 2:30pm everyday, giving you sufficient amount of time to complete the closeout procedure within your eight hours. You also stated that the

19

## II. Grievance Rights.

In response to this corrective action, you have the following rights:

You have the right to file a grievance under the procedures set forth in Article 15 of the National Agreement within fourteen (14) days of your receipt of this notice.

Issued By:                          Concurred By:

_Lisa Maya_ (signature)            _Antoine Echols_ (signature)

Lisa Maya                          Antoine Echols
Supervisor, Customer Services      Tour Superintendant, Postal Operations
Fort Dearborn Station, 60610/11    Fort Dearborn Station, 60610/11

I received this corrective action on: _April. 15, 2010_
                                      Date          Time

Employee's Signature: _I am signing this under Protest I was working a machine that I was required to. I feel she was aware of it being broken_

HaD 450 00 op meter strip from
Volt CRedit Cards Transition op
people with Debert's CARD BUt.
my machine leas s the only machine
that the DEBit caeD didn't work
this seem like it set up.

80978

| 1. Name | 2. SSN | 3. Case No. |
|---|---|---|
| Nancy Murray | 345 56 807 | 4J-606-0103-10 |

| 4a. Mailing Address – Street or PO Box | 4b. City State & Zip +4 |
|---|---|
| 11530 So. Laflin. | Chgo FL. 60643 |

| 5. Email Address* | 6. Home Phone | 7. Work Phone |
|---|---|---|
| N/A | RB | 312-644-7603 |

| 8. Position Title (USPS Employees Only) | 9. Grade Level (USPS Employees Only) | 10. Do you have Veteran's Preference Eligibility? |
|---|---|---|
| Clerk | 6 | ☐ Yes  ☒ No |

| 11. Installation Where You Believe the Discrimination Occurred (Identify Installation, City, State, and Zip+4) | 12. Name and Title of Person(s) Who Took the Action(s) You Allege to Be Discriminatory |
|---|---|
| Fort Dearborn Stant 540 d-Dearborn Chgo FL 60607. | Manager of the Station Mrs. Cindy's John Superintenden Ballols and Sup Lisa Ma |

| 13a. Name of Your Designated Representative | 13b. Title |
|---|---|
| Union | Clerk |

| 13c. Mailing Address (Street or P.O. Box) | 13d. City, State and Zip +4 |
|---|---|
| 840 S-Dearborn | Chgo FL. 60643 |

| 13e. Email Address* | 13f. Home Phone | 13g. Work Phone |
|---|---|---|
| N/A | 312-644-7603 | ( ) |

**14. Type of Discrimination You Are Alleging**

☐ Race (Specify): Disparate treatment
☐ Color (Specify): pretext for
☐ Religion (Specify): discrimination
☐ National Origin (Specify): Civil Code

HARASSMENT
☒ Sex (Specify): Used Disciplinary
☒ Age (40+) (Specify): Action as a
☐ Retaliation (Specify): Act of Retaliation
☐ Disability (Specify):

**15. Date on which alleged act(s) of Discrimination Took Place**

4-12-2010
7 DAY Suspension

**16.** Explain the specific action(s) or situation(s) that resulted in your alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R. § 1614.106(d) Civil Liberty Code

Lisa Maya has used Disciplinary action as a act or Retaliation against me Her action was pretexted, factual no mere mistake, Deliberate, slander, Defamation of my char She created a Hostile Enviroment for me she altered the terms end condition by Altering the system to justify. Hers under for writing me up she show Disparty treatment and said I used un authorized overtime and the whole department used it when it was investi By union I have records that I closed out at 3013 and not at 3130. She refused to have a step I with the union to delay my action of a 7 Day Suspension I loss a week off

**17.** What Remedy Are You Seeking to Resolve this Complaint? (Refer to Second page) → work

Compensation for unlawful activity against me Fraud – These people are un reasonable (If I didnt have evidence I would be a Loss Cause)

| 18. Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS™ mediator? |
|---|
| ☒ Yes  It was Discussed with the OGC ☐ No and the Inspectors (Date You Received the Notice of Final Interview) |

| 19a. Signature of Dispute Resolution Specialist | 19b. Date |
|---|---|
|  | 5/14/2010 |

| 20. Signature of Complainant or Complainant's Attorney | 21. Date of this Complaint |
|---|---|
| Nancy Murray | 6-28-10 |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

3 of 98

## Information for Pre-Complaint Counseling

| Certified Mail No. | | Date Mailed _or_ Hand Delivered on |
|---|---|---|
| By (Initials) | | Case No. |

On __4/16/2010__ , you requested an appointment with a Dispute Resolution Specialist.
(Month, Day, Year)

**Important: Please read.** You should complete this form and return it to the EEO office **within 10 calendar days** of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

### A. Requester Information

**Name (Last, First, MI)** MORROW Nancy

**Social Security** 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

**Home Telephone No.** 312-644-7603

**Your Mailing Address** 11530 So. LaFlin

**Name of Postal Facility Where You Work** Fort Dearborn Station

**Finance Number** 161517

**Address of Postal Facility** 540 N. Dearborn

**Office Telephone No.** 312 644 760

**Employment Status (Check One)**
☐ Applicant  ☐ Casual  ☐ TE  ☒ Career
Pay Location   Tour   **Duty Hours** 7:00-3:30

**Position Title** Window/Dist

**Email Address** N*

**Grade Level** 6

**Off Days (If Tour I, Show Nights Off)** FRI / SAT

**Your Supervisor's Name** MRS. AMES CHATMAN

**Supervisor's Title** Finance Dept

**Time in Current Position** 2 Years 18 Months

**Supervisor's Telephone No.** 312 644 7603

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

### B. Discrimination Factors

Prohibited discrimination includes actions taken based on your **Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation** (actions based on your participation in prior EEO activity). These categories are referred to on this form as factors.

**What factor(s) of Discrimination are you alleging?** (Please be specific, i.e., Race-African American, Sex-Female) as factors.

HARASSMENT, SLANDER, Disparate Treatment THIS LADY tried to REMOVE 3-31-10 Activity From the pos system to Justify Her Reason For writing me up Fraud

**For Retaliation Allegations Only.** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On **Sept 5 2008** , I engaged in EEO activity. Case No. __ Civil Action Law Suite! (Month, Day, Year)

2. On **May 5, 2010** , I engaged in EEO activity. Case No. _ - manager of the station GLADYS JOLOT HARASS me (Month, Day, Year)
On 4-5-2010 Superintendent Robert Harris Refuse to Allow me in the work area By Blocking it and refuse to move Sept 2010 - Drafting me on my RDO and not utilizing the Junior Clerk

### C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On **MAR 31** , 20 **10** She altered the system By trying to 3-31 (Month, Day) Removed Activity From me pos machine 3-31 On Wed. March 31, 2010 MRS. Mayes 25# said she instructed me to continue to serve customer At 2:30 and she claims that I began closing out the meeting to END my Day and therefore she gave me a letter of Suspension For 7 days For Failure to Following instruction. And she said I HAVE Unauthorized Over time. my clos to out Began At 3:03 and I continue to Serv. customer past 2:30 I $150.00 ADJ4.

PS Form 2564-A, March 2001 (Page 1 of 3)

00027

Formal Complaint
Page 8 of 27

Everyone in the Korrects Dept
Has gone into overtime

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

1. Tawan Coleman    window cheak aLack
(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: She is allow to go over her time
Everyday Both the week and year

2. Michael Branch    window cheak others
(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)  Allow to stay over if necessary

was treated differently than I when: Allow to stay over

Josh Rocket    Window cheak
    that to wait to 3th coused out and the gon back
3. then gone    angela window aback alk Pth- Has gone over tim
angela
(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: window cheak Biller Has gone over time

**E. Official(s) Responsible for Action(s)**

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

1a. Name    Lisa Myers    b. Title    Supervisor
c. Office    Port Dearborn    d. Grade Level    16
2a. Name    Chadys ToLit    b. Title    Manager
c. Office    Park Dearborn    d. Grade Level

**Retaliatory Allegations Only:** Was/were the official(s) listed in Section D above aware of your prior EEO activity?
☐ No  ☒ Yes  If yes, explain how the official(s) became aware: Lisa Myers was my
formal supervisor over two year ago
and she was aware that VBJ much aware.

**F. Resolution**

What are you seeking as a resolution to your pre-complaint? Compensation and retro tation
against them for Abusiv her Authorte and
standing mkg weing me up for 7 day supensor Bese
on Fraud.

**G. Grievance MSPB Appeal**

On the incident that prompted you to seek EEO counseling, have you:
1. Filed a grievance on the same issue?  ☒ No  ☐ Yes  If yes, NV
    (Date)
2. Filed a MSPB appeal on this issue?  ☐ No  ☐ Yes  If yes, _____    _____
    (Date Appeal Filed)    (Current Step)

5 of 98

11.    **Complaint:**    Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and over A.D.E.A. by 42 U.S.C. 12117.

   **Response:**    Admit jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. §633a, and deny remaining allegations.

12.    **Complaint:**    The defendant: (f) failed to stop harassment; (g) retaliated against the plaintiff because the plaintiff did something to assert right protected by the law identified in paragraphs 9 and 10 above.

   Supervisor – Lisa claimed I close out at 2:30 but my papers showed I close out at 3:03 (4J-606-0125-06); After filing a civil action Sept 5, 2008 — causal links failed to stop harassment (4J-606-0145-09). Aug 3, 2009, Aug 4, 2009, Sept 5, 2009, Nov 8, 2009 claims filed EEO-protected. Write-ups, unlawful activity, harassment, retaliation, retaliation used as disciplinary action, age discrimination. Interfering with my work performance. I was harassed write-up for failing to follow instructed and was charged with unauthorize overtime and was discriminated under the age of 40 yrs. And Gender, sex. Lisa Maya created an hostile work environment. Overtime was done everyone in the Finance Dept. Disparate treatment.

   Based on pretext and peter on of behavior by manager Mrs. Gladys Jolia and though meeting supervisor were encouraged to target me. Under station manager Mrs. Jolia I was target by the inspector service and customers who was posing as mystery shoppers and customer who had lock boxes that was hired as agents.

   **Response:**    Deny.

4

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

November 2, 2012

Before

**RICHARD A. POSNER**, *Circuit Judge*
**DANIEL A. MANION**, *Circuit Judge*
**DIANE S. SYKES**, *Circuit Judge*

| No.: 12-2666 | NANCY MORROW, Plaintiff - Appellant <br><br> v. <br><br> PATRICK R. DONAHOE, Postmaster General, Defendant - Appellee |
|---|---|

**Originating Case Information:**

District Court No: 1:11-cv-04349
Northern District of Illinois, Eastern Division
District Judge Charles R. Norgle

The following is before the court: **APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE OR TO RESET BRIEFING SCHEDULE**, filed on October 23, 2012, by counsel for the appellee.

This court has carefully reviewed the orders of the district court, the record, and appellant's opening brief. Based on this review, the court has determined that further briefing would not be helpful, *see Mather v. Village of Mundelein*, 869 F.2d 356, 357 (7th Cir. 1989), and that further district-court proceedings are necessary to decide whether the appellant's seven-day suspension in 2010 gives rise to a nonfrivolous claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621–34. Although the district court correctly noted that the ADEA does not authorize awards of compensatory or punitive damages, the appellant nonetheless may pursue appropriate equitable relief, including backpay. *See Espinueva v. Garrett*, 895 F.2d 1164, 1165 (7th Cir. 1990).

IT IS ORDERED that the appellee's motion for summary affirmance is DENIED.

IT IS FURTHER ORDERED that the judgment of the district court is REVERSED in regard to the appellant's age-discrimination claim and the case summarily REMANDED for further proceedings. In all other respects the judgment is AFFIRMED.

form name: c7_Order_3J(form ID: 177)

# Finance
## CLERKS
### SEX MALES AND FEMALES

| NAME | RDO | SENIORITY DATE |
|------|-----|----------------|
| Terry Jr, John | SU/MO | 8/17/1982 |
| Coleman, Tawana | SA/SU | 7/7/1984 |
| Ezell Jr, Grover | SA/SU | 10/27/1984 |
| Reed Jr, Arthur | SU/THU | 4/17/1985 |
| Burrage, Johnnie | SU/FRI | 7/1/1985 |
| Gordon, Linda | SU/THU | 7/8/1985 |
| Tilmon, Algen | SA/SU | 9/25/1985 |
| Anderson, Beverly | SA/SU | 10/9/1985 |
| Echols, Verna | THU/FRI | 12/7/1985 |
| Blanton, Melcina | THU/FRI | 2/1/1986 |
| Cottrell, Rachel | THU/FRI | 5/16/1987 |
| Morrow, Nancy | SA/FRI | 2/11/1989 |
| Howard, Angela | SA/SU | 6/17/1989 |
| Wellers, Gerald | SU/TU | 4/3/1993 |
| Perry, Betty | SU/MO | 8/28/1993 |
| Gladney, Angela | SA/SU | 10/21/1993 |
| Banks, Betty | SU/WED | 10/10/1994 |
| Samuels, Mildred | SA/SU | 11/1/1973 |
| Gonnigan, Angela | SU/TU | 12/11/1979 |
| Outlaw, Shirley | SA/SU | 2/5/1980 |
| Marshall, Beverly | SU/THU | 5/30/1985 |
| Bland, June | SA/SU | 8/28/1985 |
| Rockett, Gale | SU/FRI | 9/23/1985 |
| Bailey, Thomas | SU/THU | 10/10/1987 |
| Wynn-Thomas, Tammy  *JACKSON Tammie* | SA/FRI | 4/23/1988 |
| Smith, Keith | SA/SU | 10/30/1993 |

9 of 78

SENORITY LIST    PART TIME REGULAR CLERKS
*Under Age of 40 Yrs. Age*

Garold Logan                    07/01/1985

Tonya Carter                    02/03/1986

Wilma Green                     11/07/1987

Salimah Muhammad                05/01/1992

Felicia Harding                 06/20/1998

Leslie Butler                   07/04/1998

Doris Smith                     07/04/1998

Lakesha Atkins                  07/06/1998

Latrice Hobson                  10/10/1998

Joan Burns                      10/10/1998

```
===============================
USPS POS ONE
FCRT DEARBORN
Unit Number: 1815170701
ZIP Code:    50810
```

Date: 03/31/2010 3:09 PM
```
===============================
```

Credit Card
version 1.0

Clerk ID     24
Period Start: 03/31/2010 8:02 AM
Period End:

| Item #                | Amount    |
|-----------------------|-----------|
| XXXXXXXXXXXX6802      | $8.20     |
| XXXXXXXXXXXX9728      | $284.00   |
| XXXXXXXXXXXX9957      | $30.40    |
| XXXXXXXXXXXX3929      | $24.50    |
| XXXXXXXXXXXX7024      | $21.88    |
| XXXXXXXXXXXX5854      | $20.50    |
| XXXXXXXXXXXX8425      | $18.30    |
| XXXXXXXXXXXX3017      | $14.20    |
| XXXXXXXXXXXX7570      | $8.04     |
| XXXXXXXXXXXX7570      | $44.00    |
| XXXXXXXXXXXX5581      | $8.90     |
| XXXXXXXXXXXX9998      | $5.35     |
| XXXXXXXXXXXX1850      | $8.14     |
| XXXXXXXXXXXX5882      | $8.39     |
| XXXXXXXXXXXX4031      | $4.30     |
| XXXXXXXXXXXX7219      | $4.03     |
| XXXXXXXXXXXX8178      | $10.71    |
| XXXXXXXXXXXX3537      | $7.70     |
| XXXXXXXXXXXX9414      | $184.70   |
| XXXXXXXXXXXX1313      | $19.10    |
| XXXXXXXXXXXX9483      | $15.34    |
| XXXXXXXXXXXX5727      | $18.00    |
| XXXXXXXXXXXX5750      | $4.10     |
| XXXXXXXXXXXX3073      | $5.13     |

Total 24                $758.53
```

| Receipt #       | Amount    |
|-----------------|-----------|
| 1C00701199844   | $20.00    |
| 1C00701199844   | ($11.20)  |
| 1C00701199869   | $1.00     |
| 1C00701199869   | ($0.39)   |
| 1C00701199893   | $20.00    |
| 1C00701199893   | ($4.11)   |
| 1C00701200007   | $20.00    |
| 1C00701200007   | ($2.00)   |
| 1C00701200015   | $1.00     |
| 1C00701200015   | ($0.12)   |
| 1C00701200023   | $0.68     |
| 1C00701200828   | $1.00     |
| 1C00701200854   | $2.20     |
| 1C00701200072   | $140.00   |
| 1C00701200860   | $20.50    |
| 1C00701200860   | ($13.00)  |
| 1C00701200876   | ($13.85)  |
| 1C00701200851   | $2.00     |
| 1C00701200851   | ($0.41)   |
| 1C00701200610   | $13.85    |
| 1C00701200836   | $1.00     |
| 1C00701200836   | ($0.58)   |
| 1C00701200452   | $20.00    |
| 1C00701200452   | ($11.20)  |
| 1C00701200171   | $2.00     |
| 1C00701200171   | ($0.81)   |
| 1C00701200205   | $1.35     |
| 1C00701200205   | ($0.03)   |
| 1C00701200213   | $20.00    |
| 1C00701200213   | ($0.70)   |
| 1C00701200114   | $0.55     |
| 1C00701200114   | ($0.01)   |
| 1C00701200148   | $20.00    |
| 1C00701200148   | ($11.25)  |
| 1C00701200155   | $20.00    |
| 1C00701200155   | ($1.70)   |
| 1C00701200183   | $20.00    |
| 1C00701200183   | ($7.06)   |
| 1C00701200801   | $1.00     |
| 1C00701200801   | ($0.31)   |
| 1C00701200827   | $20.00    |
| 1C00701200827   | ($1.70)   |
| 1C00701200816   | $2.20     |

Total 43                $298.60

*(handwritten notes at bottom):*

time 24:35
prierly .33801
11:50 g VISA

fine 2:31
4.40.
VISA Fiari

3-31-10 CASH
time 2:30
eleg 5 stamps 2.2c

I CLOSOUT AT 303 3-31-2010
REFER TO CLOSEO + PAPER FOR

11 by 78

```
--------------------------
03/31/2010 2:03 PM        $98.00
1000701200585
TM Taiwan - Priority Mail Int'l
--------------------------
3/31/2010 2:08 PM         $0.00
000701200585
 st ns Form #: CP4033131450S
--------------------------
3/31/2010 2:10 PM         $0.00
 C0701200585

--------------------------
03/3  2010 2:10 PM       $54.00
10    01200585
 n Taiwan - Priority Mail Int'l
--------------------------
 1/2010 2:14 PM          $98.00
  T 01200585
 fund PVI
--------------------------
 11/2010 2:14 PM         $54.00
 07012005 P
  d PVI
--------------------------
 31/2010 2:4          13.65
 0070 2C868
    Orde
--------------------------
 1/2010 2:41 PM          $1.10
000701200868
 mestic Money Order Fee-Removed
--------------------------
 /31/2010 2:41 PM         $1.10
000701200868
 omestic Money Order Fee
--------------------------
03/31/2010 2:42 PM       $13.65
1000701200868
Unused Postage Meter Strips - Verify N
ow
--------------------------
03/31/2010 2:49 PM       $13.65
1000701200876
Unused Postage Meter Strips - Verify N
ow
--------------------------

===========================

Prior Visit Voids/ Edits
Date/Time                 Amount
Receipt#
Description
--------------------------
03/31/2010 1:10 PM       $13.65
1000701200510
Post Void Card Tendr   XXXXXXXXXXXXX943
3
--------------------------

--------------------------
Total  or ac   s
 tal No Sale  ansactions:         0
```

6

```
===============================
USPS POS ONE
FORT DEARBORN
Unit Number: 1615170101
ZIP Code:    80614

Date: 03/31/2010 3:03 PM
===============================

Adjustment List
Version 4.0

Clerk:    24
Period Start:03/31/2010 8:02 AM
Period End:
================================

Date/Time                 Amount
Receipt#
Description
--------------------------
03/31/2010 9:02 AM        $8.80
1000701200058
$8.80 Love King and Queen of Hearts
--------------------------
03/31/2010 9:13 AM       $18.30
1000701200072
$18.30 Bixby Creek Bridge Express Mail
P
--------------------------
03/31/2010 11:01 AM     $144.25
1000701200221
ST THOMAS VI 00801 Zone-8 Express Mail
P
--------------------------
03/31/2010 11:01 AM     $144.25
1000701200221
Refund PVI
--------------------------
03/31/2010 11:01 AM     $144.25
1000701200221
Refund PVI
--------------------------
03/31/2010 11:01 AM     $144.25
1000701200221
ST THOMAS VI 00801 Zone-8 Express Mail
P
--------------------------
03/31/2010 12:53 PM       $1.10
1000701200478
Domestic Money Order Fee
--------------------------
03/31/2010 12:57 PM     $115.00
1000701200478
Dom. Money Order
--------------------------
03/31/2010 2:03 PM        $0.00
1000701200585
```

VOID

U.S. POSTAGE
PAID
Chicago
$3.65
00-AT013-24

1007

..., and complete, legible, and valid unused me...
...duced by PC Postage systems are not refur...
... If the total face value is more than $350, a...

... Serial No.

(Group and list by postage ...

| Number of Pieces | Amount Each | Postage Value | Number of Pieces | A... |
|---|---|---|---|---|
| / | / | 3.65 | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Total Postage Value | | . | , | fo... |
| | | Grand Total | | |

(10% of face value or $35 per hour if over $350. Minim...

Post Offices must destroy customer meter stamps to prevent reuse. The manager and a witness must sign to certify that the meter impressions listed above were destroyed.

| | | Total |
|---|---|---|
| Supervisor/Manager Signature | Date | Witness Signature |

## Part 4 - Special Services and Other Refunds (Note: Fees for registered, insured, and COD se...

Explain the reason for the requested refund:

Amount of Refund to Which Clai...
(In accordance with USPS polic...

## Part 5 - Disbursements for Refunds (Issued Locally)
1) Postal Service official and witness must verify this claim and enter the approved amount in the "Approved A...
2) Certifying Postal Service official and witness are required to print and sign as authorization for payment or v...
3) Ensure the proper accounting entries are performed on PS Form 1412.
4) For cash refund issued, obtain payee's signature below. For money order refund issued enter the money on...
5) DO NOT SUBMIT PS Form 3533 to Scanning and Imaging Center if a refund is issued locally.

Payee Signature or Money Order Serial Number:

## Part 6 - Disbursements Processed by the Accounting Service Center (ASC) ...
1) Postal Service official and witness must verify this claim and enter the approved amount in the "Approved Ar...
2) Certifying Postal Service official and witness are required to print and sign as authorization for payment or w...
3) Ensure the proper accounting entries are performed:
   a) if this is a refund, use the appropriate AIC for the refund. (See "Request Disbursement For" section.)
   b) if this is a withdrawal from an advance deposit account, use the appropriate AIC 453 for BRM/Postage ...
   c) Ensure the offset is AIC 280. Disbursement Sent to ASC is performed either on Form 1412 or Postal Or...
   d) Attach the supporting AIC 280 documentation (PS Form 3544 or 3533-X) to the PS Form 3533
4) SUBMIT PS Form 3533 with attached AIC 280 supporting documentation to the USPS Scanning and Ir...
5) Customer will receive the payment from USPS. NOTE: Maintain a ... the PS Form 3533 locally for 30 c...

PS Form 3533, November 2006 (Page 2 of 2)         7

```
=================================
         FORT DEARBORN
       CHICAGO, Illinois
          605105998
  1815420101-0093
3/31/2010 (312)644-3919 01:10:44 PM
---------------------------------
          Void Receipt
=================================
                 Sale Unit   Final
Product
Description      Qty  Price   Price
---------------------------------
         Void Payment

Total:                      =========
                             -$13.85

Paid by:
MasterCard
Account #:
Approval #:
Transaction #:   XXXXXXXXXXXX9439
2390295D09B      716

✓ —Thank you for your business —
          USPS Copy
```

```
=================================
         FORT DEARBORN
       CHICAGO, Illinois
          605105998
  1815420101-0093
03/31/2010 (312)644-3919 01:15:54 PM
---------------------------------
          Void Receipt
=================================
                 Sale Unit   Final
Product
Description      Qty  Price   Price
---------------------------------
Post Void MasterCard        $13.85
Account #:       XXXXXXXXXXXX9439
Approval #:
Transaction #:   #: 716
2390295D09B

Total:                      =========
                             $13.85

Paid by:
Cash                         $13.85


     All sales final on stamps and postage
     Refunds for guaranteed services only
        Thank you for your business

               Customer Copy
```

```
=================================
         FORT DEARBORN
       CHICAGO, Illinois
          605105998
  1815420101-0093
03/31/2010 (312)644-3919 02:49:28 PM
---------------------------------
          Sales Receipt
=================================
                 Sale Unit   Final
Product
Description      Qty  Price   Price
---------------------------------
Unused Postage Meter
Strips - Verify Now            Void
Cash
Service Not Rendered         -$13.85
Cash

Total:                      =========
                             -$13.85

Paid by:
Cash                         -$13.85

**************************************
Order stamps at USPS.com/shop or
call 1-800-Stamp24. Go to
USPS.com/clicknship to print
shipping labels with postage. For
other information call
1-800-ASK-USPS.
**************************************
Get your mail when and where you
want it with a secure Post Office
Box. Sign up for a box online at
USPS.com/poboxes.
**************************************

B1118:10007012005I0
Clerk:24

     All sales final on stamps and postage
     Refunds for guaranteed services only
        Thank you for your business
**************************************
```

CUSTOMER AND POSTAL SERVICE

The customer's meter must be licensed at the refunding office, and complete, legible, and valid unused meter stamps must be submitted by the licensee ... on the indicia. Those produced by PC Postage systems are not refundable at the window. Charges are assessed at ... postage. If the total face value is more than $350, a charge of $25 ... assessed for the actual

U.S. POSTAGE
PAID
CHICAGO, IL
60819
MAR 00, 10
$144.25
70041013-24

VOID

**VOID**

U.S. POSTAGE
PAID
CHICAGO, IL
60819
MAR 00, 10
$144.25
70041013-24

| No. | | Value | | age Value |
|---|---|---|---|---|
| 1 | 144.25 | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Total Postage Value** | | | **Total Postage Value** | 288.58 |
| | | | **Grand Total of Postage Value** | $ |
| | | | **Less Charges** *(10% of face value or $35 per hour if over $350. Minimum charge is $35.)* | – |
| Post Offices must destroy customer meter stamps to prevent reuse. The manager and a witness must sign to certify that the meter impressions listed above were destroyed. | | | **Total To Be Refunded** | $ 288.40 |
| **Supervisor/Manager Signature** | | **Date** | **Witness Signature** | **Date** |

Explain the reason for the requested refund:

| | |
|---|---|
| **Amount of Refund to Which Claimant Is Entitled** *(In accordance with USPS policy)* | $ |

1) Postal Service official and witness must verify this claim and enter the approved amount in the "Approved Amount of Disbursement".
2) Certifying Postal Service official and witness are required to print and sign as authorization for payment or withdrawal of trust account.
3) Ensure the proper accounting entries are performed on PS Form 1412.
4) For cash refund issued, obtain payee's signature below. For money order refund issued enter the money order serial number below.
5) DO NOT SUBMIT PS Form 1533 to Scanning and Imaging Center if a refund is issued locally.

| Payee Signature or Money Order Serial Number: | Date |
|---|---|

1) Postal Service official and witness must verify this claim and enter the approved amount in the "Approved Amount of Disbursement".
2) Certifying Postal Service official and witness are required to print and sign as authorization for payment or withdrawal of trust account.
3) Ensure the proper accounting entries are performed:
   a) If this is a refund, use the appropriate AIC for the refund. (See "Request Disbursement For" section.)
   b) If this is a withdrawal from an advance deposit account, use the appropriate AIC 453 for BRM/Postage Due or AIC 470 for permit
   c) Ensure the offset to AIC 230, Disbursement Sent to ASC, is performed either in Form 1412 or Postal One® system.
   d) Attach the supporting AIC 230 documentation (PS Form 1544 or 3533-X) to the PS Form 1533.
4) SUBMIT PS Form 1533 with attached AIC 230 supporting documentation to the USPS Scanning and Imaging Center.
5) Customer will receive the payment from USPS. NOTE: Maintain a co ... PS Form 1533 locally for 90 days.

9

To: Jolla, Gladys M - Chicago, IL
Cc: Grant, MAE X - Bloomingdale, IL
Subject: FW: NANCY MORROW 41-606-0103-10

Gladys,

Tried to reach you by phone. I left a message with Cassandra that I would be sending you this email.

Ms. Morrow received a 7-Day Suspension from SCS Lisa Maya on 4/12. It was reduced on 8/21.

Ms. Morrow claims to EEO that she served the time-off Suspension from 5/9 through 5/15.

Did she serve her 7-Day Suspension? If so, was she later paid for her time off?

Thanks for your help,

Herman Bingham | EEO Dispute Resolution Specialist
U. S. Postal Service | EEO Field Operations
433 W. Harrison Street | Chicago, IL 60699-9411

Office 312.983.8576 | Fax 312.983.8667

This e-mail may contain confidential or privileged information. If you think you have received this e-mail in error, please advise the sender by reply e-mail and then delete this e-mail immediately. For information about how we use the information we collect from you, please see our Privacy Policy link on usps.com.

From: Height, Joceline A - Tampa, FL
Sent: Wednesday, September 15, 2010 12:25 PM
To: Bingham, Herman B - CHICAGO, IL; Grant, MAE X - Bloomingdale, IL
Subject: NANCY MORROW 41-606-0103-10

Herman,

I am working on the appeal for the subject case. She received a 7-day suspension dated 4/12/10. There is a 8/21/10 settlement in the file reducing the suspension to an Official Job Discussion (signed by Kofi Owusu-Ansah).

However, on appeal Ms. Morrow claims, First of all there is no discussion for a 7 day suspension with loss of pay of 40 hours because

the Supervisor Lisa Maya had no justified cause and she refused to have a Step One with the Union to delay the action of the suspension that she was forced to take May 9-15.

Please look into this. Did she actually serve the suspension? If yes, she is right, there is no discussion for it, unless she was subsequently made whole.

If she did not serve the suspension, please have a management official complete an affidavit that the suspension was reduced to an official job discussion and that she did not serve the suspension. Please provide a copy of her clock rings for the dates in May.

If she did serve the suspension but was subsequently made whole, please have a management official attest to that and provide proof that she was made whole.

If she did serve the suspension and was not made whole, the dismissal may have to be reversed.

Jocaline Height
EEO Services Analyst
813-739-2014 (Phone)
850-577-6091 (Ace Fax)



Original. To Supv: Lmk                                           1/8

AMERICAN POSTAL WORKERS UNION, AFL-CIO

Marrow/April  7 Day Suspension

4-26-2010

To: Ms. Lisa Mayn              Title: Supv. of mails/C.S.

From: M.R. Blanton             Title: APWU Steward

Subject: REQUEST FOR INFORMATION & DOCUMENTS RELATIVE TO
PROCESSING A GRIEVANCE

We request that the following documents and/ or witnesses be made available to us in order to
properly identify whether or not a grievance does exist and, if so, their relevancy to the grievance

1. DATE & Time: Step I meeting, interview with issuing
2. Supervisor, Copy of Action, copy of previous action
3. w/disposition of case; Copy of PDI; copy of overtime
4. desired list; Copy of everything except for dates 3-31-
5. 5-31-10 of grievant; copy of everything except for
6. all clerks who worked in finance from 4-17-4-2-10

NOTE: Article 17, Section 3 requires the Employer to provide for review all documents, files,
and other records necessary in processing a grievance. Article 31, Section 3 require that the
Employer make available for inspection by the Unions all relevant information necessary for col-
lective bargaining on the enforcement, administration or interpretation of this Agreement. Under
3(a) of the National Labor Relations Act it's an Unfair Labor Practice for the Employer to fail to
supply relevant information for the purpose of collective bargaining. Grievance processing is an
integral part of the collective bargaining process

[X] REQUEST APPROVED

4-20-10                          [ ] REQUEST DENIED

A.W.Clapp

Step I meeting to be held by 4-29-2010

3

FW: NANCY MORROW 4J-606-0103-10

# FW: NANCY MORROW 4J-606-0103-10

Bingham, Herman B - CHICAGO, IL

Sent: Thursday, September 16, 2010 6:58 AM
To: Prater, Wanda - Chicago, IL
Cc: Jolla, Gladys M - Chicago, IL

Wanda,

I am trying to get information on a Ft Dearborn employee.

Nancy Morrow was given a 7-Day Suspension from SCS Lisa Maya around 4/12. Ms. Morrow's EEO case was dismissed because the 7-Day Suspension was rescinded.

Ms. Morrow appealed the dismissal, claiming she served the suspension from 5/9 thru 5/15 and suffered financial harm. But we don't know if Ms. Morrow got back pay.

I know I haven't given Gladys much time to respond. I apologize for that. I'm being pressured and I really only need Yes or No answers:

1. Did Ms. Morrow serve the 7-Day Suspension from Ms. Maya?
2. Was Ms. Morrow subsequently paid/made whole?

Once I get this information, I'll know whether I need to contact Finance for proof of back pay. And I'll know who to send the affidavit to. See below. Tampa wants an affidavit for the appeal.

Thanks for all your help in this matter,

Herman Bingham | EEO Dispute Resolution Specialist
U. S. Postal Service | EEO Field Operations
433 W. Harrison Street | Chicago, IL 60699-9411

Office 312.983.8576 | Fax 312.983.8667

This e-mail may contain confidential or privileged information. If you think you have received this e-mail in error, please advise the sender by reply e-mail and then delete this e-mail immediately. For information about how we use the information we collect from you, please see our Privacy Policy link on usps.com.

From: Bingham, Herman B - CHICAGO, IL
Sent: Wednesday, September 15, 2010 1:13 PM

https://uspswebmail1.usps.gov/owa/?ae=Item~h=IPM.Note&id=RgAAAAA5x%2lBu0qu7... 9/16/2010

*Original To Supvimg.* 2/2

## AMERICAN POSTAL WORKERS UNION, AFL-CIO

| GrievantUnion | | Nature of Allegation |
|---|---|---|
| Marrow/APWU | 7 DAY Suspension | |

4-20-2010
Date of Request

To: Ms. LISA MAYN     Title: SUPV OF MAILS/C.S.

From: M.A. BLANTON     Title: APWU Steward

Subject: REQUEST FOR INFORMATION & DOCUMENTS RELATIVE TO PROCESSING A GRIEVANCE

We request that the following documents and/ or witnesses be made available to us in order to properly identify whether or not a grievance does exist and, if so, their relevancy to the grievance:

1. Copy of overtime form authorizing overtime for
2. clerks in finance from 3-27-4-2-2010; copy of
3. verification (receipts etc.) of close out time for last
4. customer/transaction; copy of the time frames
5. and/or limits for close out time for SSDA's.
6. _____

NOTE: Article 17, Section 3 requires the Employer to provide for review all documents, files, and other records necessary in processing a grievance. Article 31, Section 3 requires that the Employer make available for inspection by the Unions all relevant information necessary for collective bargaining or the enforcement, administration or interpretation of this Agreement. Under 8a(5) of the National Labor Relations Act it is an Unfair Labor Practice for the Employer to fail to supply relevant information for the purpose of collective bargaining. Grievance processing is an extension of the collective bargaining process.

[✓] REQUEST APPROVED      [ ] REQUEST DENIED

4-20-10
(date)

_____
(signed)

Step I meeting to be held by 4-29-2010

5


iComplaints history reports for Gale Rockett, Angela Howard, Angela Gladney, Tawana Coleman, Mildred Samuels, and Latrice Hobson revealed no EEO activity. Felicia Harding filed formal complaint 4J-606-0111-02 on May 10, 2002 which was closed on November 17, 2003. **[Exhibit 7]**

Time and Attendance, Employee Everything Report, for Tawana Coleman February 28, 2010 – April 29, 2010, indicated Coleman had Unauthorized Overtime on March 11 1.96 hours, March 15 2.00 hours, March 19 2.00 hours, March 20 8.00 hours, March 23 1.90 hours, March 24 2.00 hours, March 25 1.14 hours, April 8 1.60 hours, April 14 0.31 hours, and April 22 1.79 hours. **[Exhibit 8]**

Time and Attendance, Employee Everything Report, for Angela Gladney February 28, 2010 – April 29, 2010, did not reflect any Unauthorized Overtime was accrued by Gladney. **[Exhibit 9]**

Time and Attendance, Employee Everything Report, for Felicia Harding February 28, 2010 – April 29, 2010, did not record any Unauthorized Overtime for Harding. **[Exhibit 10]**

Time and Attendance, Employee Everything Report, for Latrice Hobson February 28, 2010 – April 29, 2010, did not indicate any Unauthorized Overtime for Hobson. **[Exhibit 11]**

Time and Attendance, Employee Everything Report, for Angela Howard February 28, 2010 – April 29, 2010, indicated Howard had Unauthorized Overtime on March 1 0.49 hours, March 15 0.20 hours, March 16 0.36 hours, March 26 0.50 hours, March 30 0.12 hours, March 31 0.10 hours, April 1 0.12 hours, April 9 0.10 hours, April 20 0.14 hours, April 21 0.11 hours, April 27 0.60 hours, and April 29 0.55 hours. **[Exhibit 12]**

Time and Attendance, Employee Everything Report, for Gale Rockett February 28, 2010 – April 29, 2010, indicated Rockett had Unauthorized Overtime on February 27 0.22 hours, March 4 0.20 hours, March 9 0.14 hours, March 15 0.19 hours, March 16 0.36 hours, March 17 0.34 hours, March 18 0.14 hours, March 20 0.09 hours, March 24 0.32 hours, March 25 0.22 hours, March 31 0.20 hours, April 1 0.10 hours, April 10 0.10 hours, April 12 0.26 hours, April 14 0.30 hours, April 15 0.55 hours, April 26 0.20 hours, April 27 0.13 hours, and April 29 0.10 hours. **[Exhibit 13]**

Time and Attendance, Employee Everything Report, for Mildred Samuels February 28, 2010 – April 29, 2010, indicated Samuels had Unauthorized Overtime on March 5 2.00 hours, March 8 2.00 hours, March 9 2.00 hours, March 11 0.01 hours, March 12 amount not recorded, April 13 7.20 hours, March 18 2.00 hours, March 19 1.77 hours, March 22 2.00 hours, March 23 2.00 hours, March 24 2.00 hours, April 5 2.00 hours, April 8 2.00 hours, April 9 2.00 hours, April 13 2.00 hours, April 14 2.00 hours, April 16 amount not recorded, April 20 2.00 hours, April 21 2.00 hours, April 22 1.90 hours, April 23 1.95 hours, April 26 2.00 hours, and April 30 2.00 hours. **[Exhibit 14]**

## COMPARATIVE DATA

**The Complainant** indicated Tawana Coleman (Sales Services Associate, under the age of 40, no known EEO activity) worked overtime every day for eight years. Complainant avowed Mildred Samuels (Window Clerk), Gale Rockett (Window Clerk), Angelia (Angela Gladney and/or Angela Howard), and Coleman were never falsely accused as she was for unauthorized overtime. Complainant professed Rockett was never accused of failure to follow instruction and



due to harassment, non-sexual, denial of leave, and working conditions. It named "Gladys Golla" as a responsible management official. It was closed on October 31, 2007, when a Final Agency Decision, merit, was issued. [Exhibit 2]

7-Day Suspension dated April 12, 2010, issued to Complainant indicated it was for Failure to Follow Instructions and Use of Unauthorized Overtime. Specifically it stated Complainant closed her window at approximately 2:40 p.m. on March 31, 2010 and did not reopen her window to serve customers after being instructed. Under use of unauthorized overtime, it indicated Complainant had .21 units on March 29, 2010; .12 units on March 30, 2010, and .18 units on March 31, 2010 of unauthorized overtime. It continued that Complainant had not been requested to stay and work overtime and had closed her retail window in enough time to end her tour within her scheduled hours. It was issued by Lisa Maya and concurred by Antoine Echols. Complainant wrote that she signed it under protest and she had 450.00 of meter strip from void credit card transactions. [Exhibit 3]

Grievance settlement letter dated June 21, 2010, for Grievance J06C-4J-D 10191844 indicated the 7-day Suspension dated April 15, 2010, issued to Complainant was reduced to an Official Job Discussion. [Exhibit 4]

[INVESTIGATOR'S NOTE: The Grievance settlement letter indicated the 7-day Suspension was dated April 15, 2010. The 7-day Suspension was dated April 12, 2010. See Exhibits 3 and 4].

Receipts and voids dated March 31, 2010, provided by Complainant included a receipt entitled USPS POS One Fort Dearborn Unit Number 1615170101, clerk 24, with a date of March 31, 2010, and time of 3:03 p.m. This receipt was difficult to read from the 2:03 pm time period – 2:49 pm. Transactions logged after 2:30 p.m. included refunds, fees removed, and unused postage meter strips. A receipt dated March 31, 2010, with a time of 3:09 p.m. indicated it was for Unit Number 1615170101 which had no transactions recorded. Transactions with a start time of 8:02 a.m. did not list a time of the transaction. A receipt for clerk 24 at 2:49:28 pm on March 31, 2010, indicated it was a void for unused postage meter strips. [Attachment to Affidavit A, pages 18-25]

Time and Attendance, Employee Everything Report, for Complainant February 28, 2010 – April 29, 2010, indicated Complainant had Unauthorized Overtime on March 29, 2010, of 0.21 units; March 30, 2010, of 0.12 units; and March 31, 2010, of 0.18 units. Complainant was also recorded as accruing unauthorized overtime on March1 0.11 hours, March 2 0.27 hours, April 8 0.10 hours, April 14 0.18 hours, April 15 0.61 hours and April 25 0.10 hours. [Exhibit 5]

Notification of Personnel Action, PS Form 50, for Comparators indicated the following employees were employed at the Chicago- Fort Dearborn Station in Chicago, IL:

| Name | Date of Form 50 | Job Title | Date of Birth |
|---|---|---|---|
| Gale Rockett | November 21, 2009 | Sales Svcs Distribution Assoc | June 18, 1959 |
| Angela Howard | March 27, 2010 | Sales Svcs Distribution Assoc | October 17, 1965 |
| Angela Gladney | February 13, 2010 | Sales Svcs Distribution Assoc | July 23, 1968 |
| Tawana Coleman | November 21, 2009 | Distribution Window Clk | December 29, 1960 |
| Mildred Samuels | November 21, 2009 | Sales Svcs Distribution Assoc | March 17, 1954 |
| Latrice Hobson | November 21, 2009 | Distribution Window Clk | October 1, 1974 |
| Felicia Harding | November 21, 2009 | Distribution Window Clk | October 17, 1971 |

[Exhibit 6]

named comparator had worked unauthorized overtime during March-April 2010 but the complainant was the only person that was written up in the Finance Department. (IF, Aff. A, pp. 4-6).

Ms. Maya and Mr. Echols testified that during the past year none of the other clerks of whom they was aware had failed to follow instructions or used unauthorized overtime. (IF, Aff. B, pp. 4-5; Aff. C, pp. 5-6).

The record showed that Tawana Coleman was a Distribution Window Clerk with a date of birth of December 29, 1960. (IF, Exh. 6, p. 4). Ms. Maya testified that Ms. Coleman was on the overtime desired list and had worked overtime. (IF, Aff. B, p. 4). Time and Attendance, Employee Everything Report, for Ms. Coleman February 28, 2010-April 29, 2010, indicated she had Unauthorized Overtime on March 11, 1.96 hours, March 15, 2.00 hours, March 19, 2.00 hours, March 20, 8.00 hours, March 23, 1.90 hours, March 24, 2.00 hours, March 25, 1.14 hours, April 8, 1.60 hours, April 14, 0.31 hours, and April 22, 1.79 hours. (IF, Exh. 8, pp. 1-18).

As such, Ms. Coleman is not a valid comparator as she did not fail to follow instructions, and she was on the overtime desired list and had been authorized to work overtime.

The record showed that Angela Gladney was a Sales Svcs Distribution Assoc. with a date of birth of July 23, 1968; Felicia Harding was a Distribution Window Clerk with a date of birth of October 17, 1971; and Latrice Hobson was a Distribution Window Clerk with a date of birth of October 1, 1974. (IF, Exh. 6, pp. 3, 6, 7). Ms. Maya testified that Ms. Harding, who had not been at the facility for more than a year, and Ms. Hobson were part time regular employees. (IF, Aff. B, p. 4). Time and Attendance, Employee Everything Reports for Angela Gladney, Felicia Harding, and Latrice Hobson for the period February 28, 2010-April 29, 2010, did not reflect any Unauthorized Overtime. (IF, Exh 9, pp. 1-17; Exh. 10, pp. 1-17; Exh. 11, pp. 1-14).

As such, Ms. Gladney, Ms. Harding, and Ms. Hobson were not valid comparators because they did not fail to follow instructions, they did not work unauthorized overtime, and Ms. Harding, who had not been at the facility for more than a year, and Ms. Hobson were part time regular employees and the complainant was full time.

The record showed that Gale Rockett was a Sales Svcs Distribution Assoc. with a date of birth of June 18, 1959; Angela Howard was a Sales Svcs Distribution Assoc. with a date of birth of October 17, 1965; and Mildred Samuels was a Sales Svcs Distribution Assoc. with a date of birth of March 17, 1954. (IF, Exh. 6, pp. 1, 2, 5). Ms. Maya testified that Ms. Rockett was not on the overtime desired list and to her knowledge did not have unauthorized overtime. She further testified that Ms. Howard was not on the overtime desired list but did have overtime due to staffing needs in the evening when Ms. Howard worked and there had been times when no one was there to close out the finance unit so Ms. Howard had stayed to serve customers from 6:00 p.m. to 6:30 p.m.





**NEW YEARS DAY   FRIDAY, JANUARY 01, 2010**

The following employee has volunteered to work his *designated holiday*, Wednesday, December 30, 2009:
V. Echols

The following employee has volunteered to work *overtime*, Wednesday, December 30, 2009:
D. Snyder

The following employees have been drafted to work their *designated holiday*, Wednesday, December 30, 2009:
R. Cottrell
M. Blanton

The following employees have been drafted to work overtime for Wednesday, December 30, 2009:
R. Frazier
B. Banks

The following employee has volunteered to work his *designated holiday*, Thursday, December 31, 2009:
J. Burrage

The following employee has volunteered to work overtime, Thursday, December 31, 2009:
A. Calyen

The following employee has been drafted to work their *designated holiday*, Thursday, December 31, 2009:
N. Morrow

**Retail is closed Friday, January 1, 2009.** We will reopen Saturday, January 2, 2010 at 7:30 am.

Alice Chatman   Supervisor CS

MILDRED SAMUELS NEVER DRAFTED
Fuwana COLEman BOTH HAVE SIGNED

of employees needed for holiday work and a schedule shall be posted as of the Tuesday preceding the service week in which the holiday falls.

[See Memo, page 302]

B. As many full-time and part-time regular schedule employees as can be spared will be excused from duty on a holiday or day designated as their holiday. Such employees will not be required to work on a holiday or day designated as their holiday unless all casuals and part-time flexibles are utilized to the maximum extent possible even if the payment of overtime is required, and unless all full-time and part-time regulars with the needed skills who wish to work on the holiday have been afforded an opportunity to do so.

C. An employee scheduled to work on a holiday who does not work shall not receive holiday pay, unless such absence is based on an extreme emergency situation and is excused by the Employer.

D. Transitional Employee    *WE HAVE NO TRANSITIONAL EMP*

Transitional employees will be scheduled for work on a holiday or designated holiday after all full-time volunteers are scheduled to work on their holiday or designated holiday. They will be scheduled, to the extent possible, prior to any full-time volunteers for nonvolunteers being scheduled to work a nonscheduled day or any full-time nonvolunteers being required to work their holiday or designated holiday. If the parties have locally negotiated a pecking order that would schedule full-time volunteers on a nonscheduled day, the Local Memorandum of Understanding will apply.

**Section 7.   Holiday Part-Time Employee**

A part-time flexible schedule employee shall not receive holiday pay as such. The employee shall be compensated for

*Harassments Write ups*

**May 13, 2010** - I was issued a 1-day suspension, for attendance after I served a 7-day suspension by Lisa Maya she refused to HAVE A STEP 1 WITH THE UNION TO DELAY ACTION OF A 7 DAY SUPENSION

*Harassment Write ups*

**March 31, 2010** - I was falsely accused by the supervisor, Ms. Lisa Maya of not following instructions, and she alleged that I did not serve customers at 2:30 pm but yet I begin my close out. She issued me a 7-day suspension and tried to alter the system of my daily transactions.

*Incident Reports*

**January 8, 2010** A man came in and got loud with me complaining about his box being locked and threw his credit cards at me. people were posing as mystery shoppers that were hired as private agents by the postal service to provoke me.

*Unusual Occurrences*

**December 31, 2009**
Retaliation harassment and discrimination because of violation of drafting me to come to work without canvassing or drafting junior clerks as required. never drafted volunteers from the overtime desired list first.

**December 3, 2009** - Another unusual occurrence at the Fort Dearborn office of tampering with keys, and a request was put in for the safe combination to be changed.

*Harassment Write ups*

**November 3, 2009** - I was charged with unacceptable conduct because I called the police October 21, 2009, after a registered piece of mail was taken out of my safe.

*EEO Claims*

**November 3, 2009** - Claim No. #4J-606-0145-09 - Mrs. Gloria Johnson
**October 20, 2009** Registered piece of mail was taken after locking it in my safe. I suspected they had keys made from the serial number outside of the envelope.

**October 20, 2009** - 8105B forms for suspicious transactions reports were taken. It was reported to my supervisor and also to the inspectors the same day and again no response from the inspectors service.

I have filed over 20 8105B "Suspicious Transactions Reports" on customers since June of 2008 who brought fraudulent activity to me. I felt they were hired by the postal service as agents to target me for harassment and ordered to test me to see if I would follow the necessary steps as required and also try to provoke me. Some of these people were posing as mystery shoppers that were hired as private agents by the postal service.

*Harassment Write ups*

**October 15, 2009** - I was written up by Mrs. Wilson, by request of the manager of the station, Mrs. Gladys Jolla. leave in advance expunged from all records by the union.

*EEO Claims*

**September 5, 2009** - Claim No. #4J-606-0145-09 - Retaliation harassment filed on Mrs. Alice Chatman for only drafting me instead of following the drafting guidelines under the union bargaining agreement. Harassment charges were filed for disparate treatment 10 discrimination of junior clerks were under the age of 40, and gender

27478

August 4, 2009 - Claim No. #4J-606-0145-09 - N. Harris blocked the entrance of the distribution unit and refused to move and instead insisted very emphatically and loudly that I walk around outside of the adjacent cases to get to the 60611 distribution, and later that day threatened to write me up.

*EEO Claims*

August 3, 2009 - Claim No. #4J-606-0145-09 - I was threatened and harassed by Mrs. Gladys Jolla because of a one-hour leave I took which had already been approved by supervisor Mrs. Alice Chatman.

*Unusual Occurrences*

June 25, 2009 - An unauthorized change of my address was put in without my consent. My mail was being forwarded to the Logan Square Post Office being returned to sender as "attempted unknown".

*Incident Reports*

June 17, 2009 - A lady came in and complained after I explained to her about how to label her box properly and personally requested to talk to manager, Mrs. Gladys Jolla. This is the first time Mrs. Gloria Jolla responded to a customer's request.

*Unusual Occurrences*

June 12, 2009 - I filed theft charges with the Chicago Police for four sets of missing keys in night's safe. This incident occurred at the Ft. Dearborn.

April 29, 2009 - I had a prior encounter with Mr. Harris that was filed April, 2009. The incident report was filed and given to my supervisor. The incident that occurred was about a male customer who wanted to cash a $100.00 money order 9:00 in the morning. I had not generated enough cash to cash his money order. It took a former supervisor of finance, Lisa Meyers, to verify my cash retain amount but yet he had threatened to write me up.

*Incident Reports*

March 12, 2009 - A lady came in with a letter that was ⅛ inches thick and when I told her that she had to pay for a parcel price, she became loud and belligerent. I explained to her that because of the thickness that it was no longer a letter once it was over ⅛ thick, and that it was no longer .44 cent once it exceeded over an ounce. The situation got out of control and I summoned for a supervisor and an off duty police officer happened to be in the lobby and overheard the lady performing. Therefore, the officer asked the lady was she having a problem and he told her "Ms. You do not run the post office, and these clerks do, and if she asked you to step to the side while she summons for a supervisor then you do so". The officer handled the case very professionally and told me if I have any more problems like this again, feel free to call them for assistance. The supervisor never came, however, there was a call from the hotline and the person who answered the phone asked who called the police? This led me to believe that this was a plotted and planned situation. 11

# INCIDENT REPORTS

I have filed over <u>20</u> 8105B "Suspicious Transactions Reports" on customers since June of 2008, who bought fraudulent activity to me. I felt they were hired by the postal service as agents to target me for harassment and ordered to test me to see if I would follow the necessary steps as required and also try to provoke me. Some of these people were posing as mystery shoppers that were hired as private agents by the postal service. On October 20, 2009, I discovered that my 8105B forms were taken during the time my keys were missing from management's safe.

*Incident Reports*
<u>March 22, 2009</u> A lady came in with a letter that was ¾ inches thick and when I told her that she had to pay for a parcel price, she became loud and belligerent. I explained to her that because of the thickness that it was no longer a letter once it was over ¼ thick, and that it was no longer . 44 cent once it exceeded over an ounce. The situation got out of control and I summoned for a supervisor and an off duty police officer happened to be in the lobby and overheard the lady performing. Therefore, the officer asked the lady was she having a problem and he told her "Ms. You do not run the post office, and these clerks do, and if she asked you to step to the side while she summons for a supervisor then you do so". The officer handled the case very professionally and told me if I have any more problems like this again, feel free to call them for assistance. The supervisor never came, however, there was a call from the hotline and the person who answered the phone asked who called the police? This led me to believe that this was a plotted and planned situation.

<u>April 25, 2009</u> - I; had a prior encounter with Mr. Harris that was filed April, 2009. The incident report was filed and given to my supervisor. The incident that occurred was about a male customer who wanted to cash a $100.00 money order 9:00 in the morning. I had not generated enough cash to cash his money order. It took a former supervisor of finance , Lisa Meyers, to verify my cash retain amount but yet he had threatened to write me up.

<u>June 22, 2009</u> - A lady came in with a box and I asked her the general questions, anything liquid, fragile, perishable or potential hazardous, she said no, and then I asked her did she need any insurance or delivery

confirmation for her box. I put her box on the scale to determine if she wanted express or priority for the time and the price. I then told her that her return label was in the wrong place and that it should be in the upper left-hand corner of the box and not side by side because if the machine reads her box it may be returned back to her because it would read the number and wouldn't be able to know if its "to" or "from". So I suggested to her that we have priority labels for free, and she could fill it out "to and "from", and place it in the middle of her box, and she cover the right-side label with priority stickers.

She then took the box and filled out the label and placed it between her two labels directly in the middle of her box, and she then began pulling the priority stickers off that I had put on the right side label and told me that the priority label I had given her didn't have clear tape, so I handed her some clear scotch tape. She then asked to speak to the manager so I paged Mrs. Gladys Jolla, and within five minutes, Mrs. Gladys Jolla came down. I found this to be unbelievable because Mrs. Gladys Jolla never, ever comes downstairs for a customer, but this particular day and time, she did! Other clerks observed the package, which displayed three different labels in the middle front up the package.

January 5, 2010 A man came in and got loud with me complaining about his box being locked and he was sick and tired of having this problem. I told him the system would not allow him to make a payment because the box was closed, and that he needed two pieces of I.D. He said he paid so I told him that I would summons a supervisor for him. She went into his box and saw that he had not been in the box for two months and had a notice issued to him December 1, 2009. The supervisor informed him that his box was still available, so in order to maintain it, he would have to pay for a lock change, two keys, plus the rent on the box that was past due.

When he came to my counter I told him I needed verification with two pieces of I.D. such as a driver's license. He got angry and showed me his driver's license and I asked for a second form of I.D. such as a lease, car or mortgage insurance policy. He started tossing his credit card at me and I told him if another one of his credit cards hit me, I would call the police. Two male supervisors were called downstairs for assistance.

**July 1, 2009** - G. Marie Lerner, 676 N. Michigan Ave, Chicago, Ill 60611, a black female, 5'3, with black hair came in with a $500.00 money order issued to her as payment to be deposited in her account, which was a fake.

**September, 2009** - Anna Barrientos, 300 N. State Street, Chicago, Ill 60610, 5'4, brn eyes, blk hair. Lady came in to cash a fake money order for $810.63.

**November 4, 2009** - Ebony Whitaker, 837 Peaksland, Ga. 30013, a black female, with long length dread locks, came in with a money order dated March 20, 2009, with light printed ink, but I could not find it in the data base. Supervisor informed her that we could not verify it so it could not be cashed.

**October 5, 2008** - Lynette Georgevich, 230 N. Dearborn St., #1200, Chicago, Ill 60604. I filed a police report because Lynette Georgevich became angry and argumentative when I questioned her about her return address not being put on the military package, and she refused to put her return address on the package. I told her I could not accept her package unless it had a return address on it. So she put an address on it and I told her that I would need to see her identification for verification and she became angry and threw the box at me. I stepped back and called the police. She was contacted by the Detectives and sent a letter of apology to me.

There are casual links of incident reports, unusual occurrences, with numerous EEO claims being filed, and over five write-ups which led to an unlawful suspension because of a civil action lawsuit that was filed with the United States District Court - Northern District of Illinois on September 5, 2008 - Case No. 08-cv-5087 against the United States Postal Service re: Case No. 4J-606-0125-06 for harassment, retaliation, discriminatory actions based on age, gender and violation of FMLA.

EEO claims was filed on Gladys Jolla, Alice Chatman, Mr. Harris and Gloria Johnson. Write-ups was done by Mrs. Wilson, Mrs. Johnson, Lisa Maya and Chatman, unusual occurrences by the station manager, Gladys Jolla and the inspector service, and mystery shoppers for incident reports.

October 5, 2008 - Lynette Georgevich, 230 N. Dearborn St., #1200, Chicago, Ill 60604 got angry with me about her wrong zip code and threw a box at me. She was contacted by the Detectives and sent a letter of apology to me.

November 20, 2008:

Tampering with my mail and zip code being changed to 60699 Inspector's office and being "return back to sender". My mail was tampered with. The U.S. Employees Credit Union, 610 S. Canal, Chicago, 60607, handles my savings and checking account, plus I have a car loan with them.

June 18, 2009:

I filed theft charges with the Chicago Police for four sets of missing keys in management's safe.
The (4) keys to my cash drawer strangely came up missing out of the safe. I reported this to the Inspector Services and a police report was filed. My

August 25, 2009:

An unauthorized change of address was put in without my consent around the end of June and the beginning of July
I filed a civil action lawsuit against the post office September 5, 2008 and I became aware after I was contacted by my an agent of a cancellation of my homeowner's insurance, credit card payments became delinquent, and late

October 20, 2009:

Registered piece of mail was taken after securing it and locking it in my safe. I suspected they had keys made from the serial number outside of the envelope.

October 20, 2009:

3105B forms for suspicious transactions reports were taken

# Failure to Stop Harassment

I have been continuously Harassed and Violated while under EEO protected activity, which is Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C s2000e3. The Postal Service has failed to stop the Harassment after Filing a Civil Action lawsuit Sept. 05, 2008 due to their Discrimination and Harassment.

After filing charges against the Postal Service, their actions progressed from October 2008 until May 18, 2010 of this year, which is a casual link of continuous action of filling charges with the EEO. The claims charges with Violation, Harassments, Unlawful Activities, and Write Up's that has been listed along with the dates, and time of action that was taken against me. They used methods of Write Up's that was encouraged by the manager of the station, Mrs. Gladys Jolia, as a one of their tactics to try to terminate my employment with the Postal Service. All the Write Up's were rescinded, because there was no justified cause for their action, which had deficiencies.

On November 20, 2008, I received a call from the U.S. Credit Union Of a concerned individual who decided to give me a call, because of a large amount of mail that was being returned to them as return to sender. They had resolved the problem and advised me that the zip code on my mail had been changed to 60699. The Inspector office, which is across the street from the U.S. Credit Union located at 610 S. Canal, they also handled my saving, and Checking Account, and my Car Loan. This particular time, my car loan payment was placed into my Saving Account, causing my car loan payment to become Delinquent and therefore jeopardizing my vehicle of being repossessed. On June 18, 2008 I had to file charges with the Chicago Police Dept. after four set of keys that was in stamped, sealed, and signed envelopes which was taken out of management safe at Fort. Dearborn Station while under the Station Manager Mrs. Gladys' Jolia. Their act of attacks went from the job to my personal life, and therefore became criminal in order to try to wear me down, destroy, and devastated my livelihood and therefore crippling me financially, by putting in an unlawful change of address and forwarding my mail to another Post Office. It was the Logan Square Post Office and it was stamped Attempt Unknown & Returned back to the Sender. Their action has caused me Financial Hardship, because I almost had a Cancelation of my Home Owner Insurance, in which I was notified by my Insurance Company by phone. Their action had caused a Domino Effect on my Life and my Credit Cards had become Delinquent, and as a result my Credit Rating went from A-8 rating to a D rating from June to September 2009. The change of address that was put in had to have taken place at the end of June of 2009. I tried to seek help from a Financial Credit Corp. on Sept 9, 2009 and their attempt was unsuccessful, which led to a Garnishment on my check. The

Postal Service has used these types of measures with other employees who they attacked or terminated in the past and could be wittiness to this type of activity. In order to correct, and resolved this problem I had to put a cancelation in on my change of address and resume normal delivery. Finally when I caught up with my mail carrier and questioned him about the change that was put in he replied, "WHAT SUPERVISOR HAS IT IN FOR YOU."

Most employees have left the Post Service, because they were forced out due to undue Harassment, or have been Terminated Unlawfully. Some employee's have developed Health Problems, because of the stress they had to endure caused them to have Heart Attacks, Strokes, or just dropped dead. It was through the grace of God and my strong Faith, I was able to remain working, and I am still standing with the enormous stress, and opposition I had to face each day, week, month, and year. And yet, we always questioned the facts of incidents that occurred inside of the Postal Service of violent behavior in other States. We never really knew what really happened, or what type of Harassment that they had to endure. This is the reason why I brought my case to the FEDERAL COURT, so that Justice could be served for those who are not here today to tell the story. I am coming before the Courts, so that the truth could be revealed of what goes on behind the scene of things, which I have experienced in the last five years of the Twenty Two years of service at Fort Dearborn Station.

I have suffer a Direct, and Personal Deprivation at the hands of the Postal Service, and I am a person aggrieved, who has suffered a personal loss of Wages, Term, Condition, and Privileges of Employment by Unlawful Conduct that has caused me Injury, which was due to their Adverse Employment, Unlawful Activities that was taken against me. You can refer to the dates of listed incidents which is a casual links of continuous activity.

YOU CAN REFER TO THE DATES

casual links of incidents

# Exhibit 1



# You wouldn't take this kid's money, would you?
Or his birthday gift from his grandmother?
So why would you take a dime of the Postal Service's money?

Money in the cash drawer and items in the mail are not yours.
Don't take them. You can't "borrow" them either.



*Do the right thing . . . even if nobody is looking.*
Integrity begins with you.

CUSTOMER SERVICE OPERA~ )S MANAGEMENT
POST OFFICE OPERATIONS
CUSTOMER SERVICE AND SALES
CHICAGO DISTRICT

*REFER to Letter FOR Details 3 PAGES*

**UNITED STATES POSTAL SERVICE**

Date: *Dec 9, 2010*
*THURSDAY*

*A Clerk Able to Sale my money ORDER under my K Number causing me a shortage - only can Be done Internaly*

## REPORT OF UNUSUAL OCCURRENCE
## FINANCE UNIT *Fraud*

**NATURE OF THE OCCURRENCE:** *Money orders weres Altered By Internal and allowing another Clerk to Sale my money order and the Camera were used to monitor and set up a clerk*

**LOCATION:** FORT DEARBORN STATION 540 NORTH DEARBORN ST. CHGO. IL 60610-9998

**REPORTED BY:** *Nancy Morrow*

**PROPERTY AND/OR MONEY(S) INVOLVED:** *Money order (with my K Number was Fraudliked Altered by Internal Office and Allowing the Relef Clerk to sale my money order to 120.00 dollar and Leaving my Cash Drawer with a shortage of 170.00 and she with a average of 170.00*

**PROPERTY: 1ST, 2ND, And 3RD, CLASS MAIL:**
*and she ran a report upon my Request and it showed up as she sold none But yet she sold one or more*

**(MAIL, EQUIPMENT, BUILDING, CUSTOMERS, ETC.)**

**INDIVIDUAL(S) INVOLVED:**

**NAME:** *Fort Dearborn* **ADDRESS:** *540 N. Dearborn Chgo*

**NAME:** *Gail Rocket Clr.* **ADDRESS:** *540 N. Dearbon Finance Dept*

**ACTION TAKEN BY:** *MRS. Wilson Asisted us In making the Restraen*

**SUPERVISOR:** *Finance Supervisor.*

**(OTHER PERTINENT DETAILS)**
*I Informed the Inspector office Mr. Heck. Okell and Had with Respect 12-14-2010 Reesd on the Problem with the Money order of this occurred 12-09-2010 At around all 33 written it was scheduled to go to Lunetti*
*I Had an audit Dont3 12-14-2010 and it showed up as an "Lost or Stolen money order on my Report*

*Nancy Merrow*
**SIGNATURE**

Cc: Lead Executive, District Manager, Postmaster
Manager, Post Office Operations
Manager, Customer Service

540 N. Dearborn
Chicago, IL 50610-9988
(312) 844-9582
(312) 844-7843 Fax

12

Dec 9, 2010

Gail Rocket always relieves me for break, and lunch as scheduled and have been from Sept. until Dec 14, 20210 and just recent I had another person to alternate. My break time is at 10:00 and 11:30 for lunch everyday. On Dec 9, 2010 later around 12:30 I took lunch later after being delayed by a customer and Mrs. Rocket was awaiting to replaced me. Therefore Gail receive a customer who wanted to purchase a money order and she came to me and told me that her money order did not work and if by chance I may have picked hers' up by mistake so I handed her the ones I had and told her to check because I was in a rush to lunch she returned back and informed that they did work and handed me back 2 money order that was rubber band and attached to the back of the pack of money orders I had handed her. So when I returned from lunch I had a customer who also wanted a money order and the money I received from Gail Rocket came up as not part of my inventory I was only able to complete the customers transaction with one of the two money order she handed me back that contained a international money a domestic out of sequence with the number #169857159 which enable me to complete the customers $300.00 transaction using his debit card.. I left the POS machine to informed Gail that there was a problem with the money order that she had given me because they had came up as not being part of my inventory and as soon as she returned from lunch we need to straightened this situation out. I was requested that we pull our prior receipts which justified the fact that she had my pack of money orders which began with #184 and hers began with #181 and the money she obtained also had my name written on the outside of the package. But, yet the system allowed her to sale one of my money order for $170.00 using my K number which is impossible to do unless it was done internally. I asked her to pull her reports of the amount of money orders she had sold for the day and it displayed that she had not sold none, but yet she had sold mines' causing her to have an overage of $170.00 and me to have a shortage of $170.00 and there was no other transaction of adjustments of 40 min of her being on the machine. Therefore the finance Supervisor Mrs. Wilson had assisted in the adjustment made. I personally feel that the cameras that are set up and used to monitor clerks are also used to exploit, and set up clerks by management. In which I have observed to be a (proven fact).



13

CUSTOMER'S RECEIPT

UNITED STATES POSTAL SERVICE®

KEEP THIS RECEIPT FOR YOUR RECORDS

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION
NOT NEGOTIABLE

Pay to
Address

Serial Number
1840254L6240

Year, Month, Day  Post Office  Amount  Clerk
2010-12-09  606101  $0.01  0024

POSTAL MONEY ORDER

U.S. Dollars and Cents

$0.01

1840254L6240

CUSTOMER'S RECEIPT

UNITED STATES POSTAL SERVICE®

KEEP THIS RECEIPT FOR YOUR RECORDS

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION
NOT NEGOTIABLE

Pay to
Address

Serial Number
1840254L6242

Year, Month, Day  Post Office  Amount  Clerk
2010-12-09  606101  $55.25  0024

POSTAL MONEY ORDER

U.S. Dollars and Cents

$55.25

1840254L6242

1840 2546 251

$170.00  Dec 9, 2010

money order sold
by another clerk
under my k number
This was done
Internally by the
USPL Service

14

375-78



# UNITED STATES POSTAL SERVICE

**POS ONE REPORT**

1615170101
FORT DEARBORN   ZIP Code: 60610

12/14/2010 3:52 PM

## CASH / STAMP CREDIT COUNT REPORT
**Version 5.0**

| Inventory: | Retail Floor Clerk (Cash & MO) - NANCY MORROW | | |
|---|---|---|---|
| Count Date: | 12/14/2010 3:47 PM | **Status:** | Completed |
| Counter 1: | NANCY MORROW | | |
| Counter 2: | BEVERLY WILSON | | |
| Clerk ID: | 24 | | |
| | | **Employee ID:** | |
| Reference Number: | | | |

### COUNT SUMMARY

| Inventory: | Actual Count | System Count | Difference |
|---|---|---|---|
| Cash: | $0.00 | $0.00 | $0.00 |
| Cash Equivalent: | $102.36 | $100.70 | $1.66 |
| Combined: | $0.00 | $0.00 | $0.00 |
| | $102.36 | $100.70 | $1.66 |
| Money Orders: | 60 | 61 | -1   *Lost missing* |

### POSTING SUMMARY

Final Count: No     Max 853 since Last Count:  N/A          Tolerance Limit:  $5.00

Result:  Cash / Stamp Over (In Tolerance)

Counter 1:   NANCY MORROW

I certify the count to be correct:

NANCY MORROW-KZ8Q7W

Signature

Comments:

Counter 2:   BEVERLY WILSON

I have examined this Cash/Stamp Credit:

BEVERLY WILSON-KZ16N6

Signature

Comments:

PS Form 3294

*15*


## CASH / STAMP CREDIT COUNT REPORT
**Version 5.0**

| Inventory: | Retail Floor Clerk (Cash & MO) - NANCY MORROW | | |
|---|---|---|---|
| Count Date: | 12/14/2010 3:47 PM | Status: | Completed |
| Counter 1: | NANCY MORROW | | |
| Counter 2: | BEVERLY WILSON | | |
| Clerk ID: | 24 | | |
| Reference Number: | | Employee ID: | |

| Item Number | Description | System Quantity | Physical Count |
|---|---|---|---|
| 328700 | POS ONE MP1 Money Order | 1 | 0 |
| 328800 | POS ONE Domestic Money Order | 60 | 60 |

**Lock/Key Examination Dates:**

Completion Date:     not entered

Next Due Date:      not entered

**Bait Money Orders:**

Quantity:   0

In good condition?

**PS Form 3977(s) Examination Dates:**

Completion Date:    04/26/2010

Next Due Date:     10/23/2010

**PS Form 571 required?**  No

**Applies to Retail Floor Stock Only:**

Qualified sales since last count:  not applicable

Threshold amount: not applicable

Threshold exceeded? not applicable

Must Unit Reserve be counted concurrently? not applicable

PS Form 3294

| FORT DEARBORN STATION | FINANCE UNIT | WEDNESDAY |
|---|---|---|

### SALES AND SERVICES ASSOCIATES
### BEGIN TOURS, LUNCHES, BREAKS, AND END TOUR

| BT | EMPLOYEES NAMES | WEDNESDAY/12/22/2010 | | | | | | | ASSIGNMENT |
|---|---|---|---|---|---|---|---|---|---|
| | | Breaks | TRG | OL | IL | Relief | Break | ET | |
| 6:00 | T. COLEMAN | 7:00 | | 11:00 | 11:30 | | TILMO | 3:30 | Store |
| 8:00 | HAYWOOD, MARY | | LOBB | DIREC | TOR | | | | |
| 8:00 | MORROW, N. | 10:00 | | 11:30 | 12:00 | ROCK | | 3:30 | Win#2 |
| 8:15 | TILMON, A | 11:30 | | 12:30 | 1:30 | | | 5:30 | WIN # 4 |
| 8:00 | PERRY, BETTY | 10:45 | | 1:00 | 1:30 | BELL | | 4:30 | WIN # 3 |
| 8:00 | ROCKETT, G. | 10:00 | | 12:00 | 12:30 | | | 3:30 | LOCK-BOX |
| 9:30 | HOWARD, A. | 10:30 | | 1:30 | 2:15 | BELL | | 6:15 | Win #1 |
| | | | | | | | | | |
| RELIE | EMPLOYEES- WINDOW | | | | | | | | |
| 8:00 | MUHAMMAD, SALIMAH | 10:00 | | 12:00 | 1:00 | | | | |
| 10::00 | BELL, SHARON | 12:00 | | 2:00 | 2:30 | | BACK- | UP | |
| 8:00 | TILMON, AL | 11:30 | | 12:30 | 1:30 | | | | STORE |
| | | | | | | | | | RELIEF |
| | HOBSON, LATRISE | | | 12:00 | 13:00 | | | | WIN # 1/3 |
| RELIE | EMPLOYEES FOR LOBBY | | | | | | | | |
| | P. GAYLES | 8:30 | | 12:00 | 1:00 | | | | |
| | C. SUDDUTH /RELIEF | 10:45 | | 1.00 | 1:30 | | | | |
| | | | | | | | | | |
| | ATTENTION ALL EMPLOYEES | DO N | LEAVE | YOUR | ASSIG | -UNTI | SOME | HAS | |
| | REPLACED OR RELIEIVED | YOU | FOR | YOUR | LUNC | AND | BREA | | |
| | PER MANAGEMENT DECISIO | | | | | | | | |
| | | | | | | | | | |
| NS- | BANKS, BETTY | | | | | | | | |
| NS | FRAZIER, RHONDA | | | | | | | | |
| NS | BUTLER, LESLIE | | | | | | | | |

| FORT DEARBORN STATION | FINANCE UNIT | THURSDAY |
|---|---|---|

## SALES AND SERVICES ASSOCIATES
### BEGIN TOURS, LUNCHES, BREAKS, AND END TOUR

| BT | EMPLOYEES NAMES | THURSDAY/12/23/2010 | | | | | | | ASSIGNMENT |
|---|---|---|---|---|---|---|---|---|---|
| | | Breaks | TRG | OL | IL | Relief | Break | ET | |
| 6:00 | T. COLEMAN | 7:00 | | 11:00 | 11:30 | | TILMO | 3:30 | Store |
| 8:00 | HAYWOOD, MARY | | LOBB | DIREC | TOR | | | | |
| 8:00 | MORROW, N. | 10:00 | | 11:30 | 12:00 | ROCK | | 3:30 | Win#2 |
| 8:15 | TILMON, A | 11:30 | | 12:30 | 1:30 | | | 5:30 | WIN # 4 |
| 8:00 | PERRY, BETTY | 10:45 | | 1:00 | 1:30 | BELL | | 4:30 | WIN # 3 |
| 8:00 | ROCKETT, G. | 10:00 | | 12:00 | 12:30 | | | 3:30 | LOCK-BOX |
| 9:30 | HOWARD, A. | 10:30 | | 1:30 | 2:15 | BELL | | 6:15 | Win #1 |
| | | | | | | | | | |
| RELIE | EMPLOYEES- WINDOW | | | | | | | | |
| 8:00 | MUHAMMAD, SALIMAH | 10:00 | | 12:00 | 1:00 | | | | |
| 10::00 | BELL, SHARON | 12:00 | | 2:00 | 2:30 | | BACK- | UP | |
| 8:00 | TILMON, AL | 11:30 | | 12:30 | 1:30 | | | | STORE |
| | | | | | | | | | RELIEF |
| | HOBSON, LATRISE | | | 12:00 | 13:00 | | | | WIN # 1/3 |
| RELIE | EMPLOYEES FOR LOBBY | | | | | | | | |
| | P. GAYLES | 8:30 | | 12:00 | 1:00 | | | | |
| NS | C. SUDDUTH /RELIEF | 10:45 | | 1.00 | 1:30 | | | | |
| | ATTENTION ALL EMPLOYEES | DO N | LEAVE | YOUR | ASSIG | -UNTI | SOME | HAS | |
| | REPLACED OR RELIEVED | YOU | FOR | YOUR | LUNC | AND | BREA | | |
| | PER MANAGEMENT DECISIO | | | | | | | | |
| NS- | SUDDUTH, CASSANDRA | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

PS Form 1627, October 1972

FM 1.0.1

**UNITED STATES**
**POSTAL SERVICE**

)

)

*POS ONE REPORT*

1615170101
FORT DEARBORN   ZIP Code: 60610

01/19/2011 11:17 AM

**CASH / STAMP CREDIT COUNT REPORT**
**Version 5.0**

| | |
|---|---|
| Inventory: | Retail Floor Clerk (Cash & MO) - NANCY MORROW |
| Count Date: | 01/18/2011 3:56 PM |
| Counter 1: | NANCY MORROW |
| Counter 2: | BEVERLY WILSON |
| Clerk ID: | 24 |
| Reference Number: | |

Status:        Completed

Employee ID:

| Item Number | Description | System Quantity | Physical Count |
|---|---|---|---|
| 328800 | POS ONE Domestic Money Order | 80 | 80 |

**Lock/Key Examination Dates:**

Completion Date:      not entered

Next Due Date:      not entered

**PS Form 3977(s) Examination Dates:**

Completion Date:    04/26/2010

Next Due Date:    10/23/2010

**Bait Money Orders:**

Quantity:   0

In good condition?

**PS Form 571 required?**  No

**Applies to Retail Floor Stock Only:**

Qualified sales since last count:  not applicable

Threshold amount: not applicable

Threshold exceeded? not applicable

Must Unit Reserve be counted concurrently? not applicable

**October 5, 2008** - Lynette Georgevich, 230 N. Dearborn St., #1200, Chicago, Ill 60604. I filed a police report because Lynette Georgevich became angry and argumentative when I questioned her about her return address not being put on the military package, and she refused to put her return address on the package. I told her I could not accept her package unless it had a return address on it. So she put an address on it and I told her that I would need to see her identification for verification and she became angry and threw the box at me. I stepped back and called the police. She was contacted by the Detectives and sent a letter of apology to me.

October 31, 2008

**CHICAGO POLICE DEPARTMENT**
**BUREAU OF INVESTIGATIVE SERVICES**

**DET. ROBERT W. CLEMENS**
AREA 3 DETECTIVE DIVISION
HOMICIDE

2452 W. BELMONT
CHICAGO, ILLINOIS 60618

OFFICE: 312-744-82
FAX: 312-744-51
PAGER: 312-706-60

robert.clemens@chicagopolice.org

Ms. Nancy Morrow
c/o
Ms. Lynette Georgevich
230 S. Dearborn Street
Suite 1200
Chicago, IL 60604

Dear Ms. Morrow:

I am writing to apologize for any misunderstanding or mistreatment you felt you suffered from my visit to the post office at 540 N. Deaborn Street in early October of this year. I was late for church when I stopped at the post office and was caught off-guard by the changes to overseas mail policies you explained. It was not my intention to upset you in any way and I am sorry for any stress I may have caused you.

Sincerely,

Claire Taylor



RECEIVED
DEC 14 2009
NEEOISO

Counselor's Report

November 20, 2008:

**Tampering with my mail and zip code being changed to 60699 Inspector's office and being "return back to sender".**
My mail was tampered with. The U.S. Employees Credit Union, 610 S. Canal, Chicago, 60607, handles my savings and checking account, plus I have a car loan with them. However, I got a call from them notifying me that a great amount of mail they were sending me was being returned back to them as "return to sender". After investigation, it was found that my zip code had been changed from "60643" to ".60699 . This involved my car note payments and made them delinquent and almost caused my car to get repossessed. I had to fax proof to the credit union that I had never put in for a "change of address". I notified the Inspector and no response.

**UNITED STATES**
**POSTAL SERVICE**

Date: _11-20-2008_

## REPORT OF UNUSUAL OCCURRENCE
## FINANCE UNIT

1 first
time

NATURE OF THE OCCURRENCE: Postal Service Harasment Due to
(Litigation Law suit) Tampering with my Mail

LOCATION: ~~FORT DEARBORN STATION 540 NORTH DEARBORN ST. CHGO, IL 60610-9998~~ Cardiss Collin 433 w. Harrison Chgo IL 606

REPORTED BY: U.S. Employees Credit Union, 610 so.
canal Chgo Il. 60607

PROPERTY AND/OR MONEY(S) INVOLVED: Car Loan payment

PROPERTY: 1ST, 2ND, And 3RD, CLASS MAIL: _____

**(MAIL, EQUIPMENT, BUILDING, CUSTOMERS, ETC.)**

INDIVIDUAL(S) INVOLVED:

NAME Cardiss Collin Post office  ADDRESS: 433 w. Harrison

NAME: _____  ADDRESS: _____

ACTION TAKEN BY: HAD to FAX Proof of ADDRESS Never put in change
SUPERVISOR: _____

(Nothing Done) It was Report to the Inspector

**(OTHER PERTINENT DETAILS)**

My mailes are being Forwerd Across the Street
to the post office Chgo to try to disrupt
my mail on my car payment and I got a Note
last time tella us compare credit union Ask
Asked up to moved Because mail was mail was
being return to them and one by my payment
was put in my Saving account Nora moun
the zip codie on my mail was changed. SIGNATURE

I HAD to FAX Her a Lett
that my ADDRESS Has Never
Change

23

To whom it concern

My address has not

change in the last

20 yrs 11530 So Laflin

Chgo IL. 60643 I am a postal worker

AND SOMEONE OR AGENT

Inside job has alt my 60609

zip code which is the

zip code across the street

the post office Because I

have filed a case against the

postal service of wrong doing 1794

+ violation at the Federal Buildin

Dirksen Buildin 24 Darn

Because Feb 27, 2009 there
was suppose to be a Settlement
Conference with the (intensten't
Judge)
and it was cancel AFTER MY
Attorneys set the DATE. ~~the~~
they will Have to reschedule it
on go before the Judge who Origin.
ASSIGNED it For (Conference Settlemet)
APRIL 16, 2009,

~~This~~ may be HARD For you to
Believe

DS
    PLEASE SEND ME copies of
Mail Again. that was RETURN
to you. that you SENT ME.
ASAP                              4864

  MY ADDRES Has not
                    Change

    910 750 66642

made out was when my mail was being misdirected that was sent to me from the U.S. Employees credit union and my mail was being return back to them with the wrong (bar codes) zip code on my mail that was changed from 60643 to 60899. The credit union handles my banking saving and checking plus I have a car loan with them. Somehow one day my car loan payment went to my saving account and not my car loan and it became delinquent which could have lead to my car being repossession but I recieved a call from some one at the credit union who decided to call me because of so much mail being returned to them I informed her that that my address had never changed.

26

...

She acknowledge that my the bar code-
zip code was changed on the system
and Informed that the I should to
FAR Her a Letter that my ADDRess
Had never Changed.

<u>June 18, 2009:</u>

**I filed theft charges with the Chicago Police for four sets of missing keys in management's safe.**
The (4) keys to my cash drawer strangely came up missing out of the safe. I reported this to the Inspector Services and a police report was filed. My keys were always protected in a secure manner, as they were sealed in an envelope that was signed and dated, and management was the only other source that had access to them. Also, I had noticed that many times my cash drawer was over the amount but under the amount the next day. This incident occurred at the Fort Dearborn Station.



**UNITED STATES**
**POSTAL SERVICE**

Date: _June 18, 2009_

# REPORT OF UNUSUAL OCCURRENCE
## FINANCE UNIT

(DRAWERS)

NATURE OF THE OCCURRENCE: _Keys to my All missing_

LOCATION: <u>FORT DEARBORN STATION 540 NORTH DEARBORN ST, CHGO, IL 60610-9998</u>

REPORTED BY: _Self - Nancy Morrow 2rk time_
_first time cabinet 105 A 105C - 2007 locks was never changing_

PROPERTY AND/OR MONEY(S) INVOLVED: _Cash Drawer money/credit_

PROPERTY: 1^ST, 2^ND, And 3^RD, CLASS MAIL: _____

(MAIL, EQUIPMENT, BUILDING, CUSTOMERS, ETC.)

INDIVIDUAL(S) INVOLVED:
Clerk NAME: _Felicia Handy_ ADDRESS: _540 N Dearborn Chgo IL 606_
manager NAME: _Gladwins Gillis_ ADDRESS: _540 N Dearborn Chgo IL 606_

ACTION TAKEN BY: _____
SUPERVISOR: _____

(OTHER PERTINENT DETAILS) (2)
_On March 27, 2008 Had to keys both
the safe one was for my me and one there
he used for starting funds when going to count it
and there was told to feel my drawer was
over a hundred dollar or four or five dollars
and than it comes up short possible tampering_

_Nancy Morrow_
SIGNATURE

Cc: Lead Executive, District Manager/ Postmaster
Manager, Post Office Operations
Manager, Customer Service

540 N. Dearborn
Chicago, IL 60610-9998
(312) 644-9662
(312) 644-7843 Fax

RECEIVED
DEC 14 2009
NEEOISO

Counselor's Report
Page 93 of 13-

October 20, 2009:

**Registered piece of mail was taken after securing it and locking it in my safe. I suspected they had keys made from the serial number outside of the envelope.**

Since I filed a lawsuit against the postal service I have been victimized by them and have already reported four (4) claims to the Postal Inspector of fraudulent activity against me, however today I had to call the Inspector today, October 20, 2009 again to report that a registered piece of mail went missing while it was in my possession. Confused by this, I viewed part of the camera video and around 10:12 a.m. saw that I was preparing to go on my break and was last seen picking up my red letters and placing it in my papers along with the cash drawer going to the back to lock it up in my safe compartment. However, at the end of the day I was unable to find it.

October 20, 2009:

**8105B forms for suspicious transactions reports were taken**

I also noticed that my 810B forms for Suspicious Transactions report was missing. I had over 10 of them of customers who had bought in phony money orders and bad checks. Thankfully, I had already given copies to the Supervisor. I then tried to notify the Inspector's office and had to leave a recorded message and as always, they never returned my call. The next day when I got to work, I called the police and he said if I could get a supervisor to verify this, he would be able to assist me. I asked him if he could bring in a Swat Team.

December 3, 2009:

**Another unusual occurrence filed for tampering with keys and a request was put in for the safe combination to be changed.**

Fort Dearborn station, 540 N. Dearborn, Chicago, Ill 60610.

CUSTOMER SERVICE OPERATIONS MANAGEMENT
POST OFFICE OPERATIONS
CUSTOMER SERVICE AND SALES
CHICAGO DISTRICT

**UNITED STATES POSTAL SERVICE**

Date: 10/20/09

# REPORT OF UNUSUAL OCCURRENCE
## FINANCE UNIT

NATURE OF THE OCCURRENCE: Missing Letter (REgistered)
After Looking it up
I Suspect MRS. Julia of Having a key MADE.
I don't know how else anyone could

LOCATION: FORT DEARBORN STATION 540 NORTH DEARBORN ST. CHGO, IL 60610-9998

REPORTED BY: Nancy Morrow Self
(After Key's went missing June 18, 2009) from supr

PROPERTY AND/OR MONEY(S) INVOLVED: Registered Mail Let
No value for claim

PROPERTY: 1ST, 2ND, And 3RD, CLASS MAIL: _____

### [MAIL, EQUIPMENT, BUILDING, CUSTOMERS, ETC.]

INDIVIDUAL(S) INVOLVED:

NAME: Fort Dearborn ADDRESS: 540 N Dearbox

NAME: _____ ADDRESS: _____

ACTION TAKEN BY: I called the Supervisor
SUPERVISOR: Mrs. Hartman allow to look at half
of the vedio tape.

#### [OTHER PERTINENT DETAILS]

ground 10:05 to 10:15 I think going
to do break and was preparing and the
tape should I had pick up the mail and my
cash drawer and was going toward the
back towards back to look it up

_Nancy Morrow_
SIGNATURE

Cc: Lead Executive, District Manager/ Postmaster
Manager, Post Office Operations
Manager, Customer Service

31

RECEIVED
DEC 14 2009

Counselor's Report

Date Stamp

**Registered No.** 2590766762545

| | | |
|---|---|---|
| Reg. Fee | $11.50 | |
| Handling Charge | $0.00 | |
| Postage | $0.95 | |
| Return Receipt | $2.30 | |
| Restricted Delivery | $0.00 | |

Received by

Customer Must Declare Full Value $0.00

To Be Completed by Post Office

**OFFICIAL USE**

With Postal Insurance
☑ Without Postal Insurance

Domestic Insurance up to $25,000 is included in the fee. International Indemnity is limited. (See Reverse)

**FROM**
CONSULATE GENERAL OF THE REPUBLIC OF POLAND
1530 N LAKE SHORE DR
CHICAGO IL 60610

**TO**
87 FRIENDLY
TODERMESE 7-12
1190 WIEN

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

PS Form 3806, May 2004 (7530-02-000-9051)   Receipt for Registered Mail   Copy 2 - Post Office



RECEIVED
DEC 14 2009
NEEOISO

32

Counselor's Report



## Track/Confirm - Intranet Item Inquiry - International Outbound

**Tracking Label: RA96 7694 768U S**

**Service Calculation Acceptance Date/Time: 10/20/2009 09:40**

| Destination | City Code: | City: |
| --- | --- | --- |
| | Country Code: AT | Country: AUSTRIA |
| | AMF Code: | AMF: |
| Origin | ZIP Code: 60610-9998 | City: CHICAGO — State: IL |

| Dispatch #: | AMF Code: Date: | AMF: Time: | Bag#: |
| --- | --- | --- | --- |

**Class/Service:** First-Class Mail International Registered

**Weight:** 0 lb(s) 1 oz(s)    **Postage: $0.98**

**Delv Rqmt:** Normal Delivery    **PO Box?: N**

**Rate Indicator:** Single Piece - Letters

| Special Services | Associated Labels | Amount |
| --- | --- | --- |
| Registered Mail - International | RA96 7694 768U S | $11.50 |
| Return Receipt | RA96 7694 768U S | $2.30 |
| Other International, Customs | LC24 5411 315U S | $0.00 |
| REGISTERED | | |

**Under no circumstances should dispatch information be released to anyone outside the United States Postal Service.**

| Event | Date/Time | Location | Scanner ID |
| --- | --- | --- | --- |
| ACCEPT OR PICKUP | 10/20/2009 09:40 | CHICAGO, IL 60610 | |
| | Input Method: Scanned | | |
| | Finance Number: 161517 | | |

**Enter Request Type and Item Number:**

Quick Search (•)    Extensive Search ( )

Explanation of Quick and Extensive Searches

33

| Entry Date | Event Number | Event Type | Dispositions | Loc of Srv | Addr of Occ | Unit List |
|---|---|---|---|---|---|---|
| 20-MAY-2008 11:52:41 | 0814107137 | DIST | 5P | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | 1831,1884E |
| 24-MAY-2008 12:55:08 | 0815008721 | DECPIP | 1110,1122 | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | 1833,1872 |
| 01-JUN-2008 13:29:59 | 0815311408 | EMS | FILE | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | |
| 11-JUN-2008 16:46:32 | 0816315366 | SS | | 540 N DEARBORN | 540 N DEARBORN | 1806 |
| 18-JUN-2008 19:47:52 | 0816918667 | DIST | 5B | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | 1854 |
| 23-JUL-2008 09:42:48 | 0820505690 | EMS | FILE | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST -1 (FORT DEARBORN) | |
| 13-AUG-2008 16:01:31 | 0823112938 | NPS | FILE | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST -1 (FORT DEARBORN) | |
| 01-AUG-2008 16:03:44 | 0823112986 | NPS | FILE | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST -1 (FORT DEARBORN) | |
| 04-AUG-2008 06:29:05 | 0824205341 | NPS | FILE | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | |
| 30-AUG-2008 15:26:40 | 0824911567 | THEFTI | 19P | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST -1 (FORT DEARBORN) | 1831,1832,1833 |
| 30-AUG-2008 15:45:34 | 0824911977 | THEFTI | | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST -1 (FORT DEARBORN) | 1833 |
| 15-SEP-2008 12:49:08 | 0825908098 | SS | | 540 N DEARBORN | 540 N DEARBORN | 3781C |
| 19-SEP-2008 18:17:37 | 0826316357 | ASLTIP | 5B | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | 1831,1833 |
| 21-SEP-2008 08:43:01 | 0826604605 | EMS | 19B | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | 1831 |
| 24-SEP-2008 17:16:38 | 0826814448 | DIST | 5P | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | 1831 |
| 05-OCT-2008 10:43:03 | 0827907128 | DIST | 0460 | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST -1 (FORT DEARBORN) | 1831 |
| 09-OCT-2008 17:27:47 | 0828313561 | ALRHU | 14P | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | 1822 |
| 14-OCT-2008 10:28:38 | 0829705626 | EMS | FILE | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST -1 (FORT DEARBORN) | |
| 14-OCT-2008 13:15:06 | 0829809121 | ASLTJO | 19P | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST -1 (FORT DEARBORN) | 1833,1834,1861C |
| 15-OCT-2008 03:24:12 | 0829902910 | EMS | FILE | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | |
| 30-OCT-2008 05:01:56 | 0830202080 | FIRE | 19X | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | 1832,1834 |
| 07-NOV-2008 10:14:25 | 0831205511 | EMS | FILE | 540 N DEARBORN ST (FORT DEARBORN) | 540 N DEARBORN ST (FORT DEARBORN) | |

34

<u>August 25, 2009:</u>

**An unauthorized change of address was put in without my consent around the end of June and the beginning of July**
I filed a civil action lawsuit against the post office September 5, 2008 and I became aware after I was contacted by my an agent of a cancellation of my homeowner's insurance, credit card payments became delinquent, and late payments were accessed against me and all of my bank statements were "returned back to sender". I questioned the carrier about my mail and he said he had been off on vacation and he knew I lived there, but there was a change off address put in place and he asked me who at the post office has it in for you? I believe it is an act of retaliation against me because the change of address was put in at the Morgan Park Post Office, 111th Monterey, 60643, my mail was being forwarded to the Logan Square Post Office, 2338 N. California, 60657 and being returned from there to the sender as "attempted unknown".



**UNITED STATES**
**POSTAL SERVICE**

Date: 8-25-2009.

## REPORT OF UNUSUAL OCCURRENCE
### FINANCE UNIT

2nd time

Due to me fixing a civil action law suit against the
postal service Date set sept 17. 2009 and as a act of
retaliation against me they are forward my mail tampering
NATURE OF THE OCCURRENCE: to try to inconvenience me harassment

Morgan Park Post office 111th monterey chgo il 60643
LOCATION: ~~FORT DEARBORN STATION 540 NORTH DEARBORN ST. CHGO, IL 60610-9998~~

REPORTED BY: My Express mail went transatten post of 60647
nd the customer requested a refund and he was told that I room
out a change address into 60647 2339 n california chgo il 60643
PROPERTY AND/OR MONEY(S) INVOLVED: my Best Buy Charge card
a rec return to sender my house insurance call
me and said that my mail was return my phone was turn off to
PROPERTY: 1ST, 2ND, And 3RD, CLASS MAIL: Due to fixed
Bank statement
etc to make me
[MAIL, EQUIPMENT, BUILDING, CUSTOMERS, ETC.]  late on payments

INDIVIDUAL(S) INVOLVED:

NAME: Morgan Park Post office ADDRESS: 111th monterey

NAME: _____ ADDRESS: _____

ACTION TAKEN BY: I have call Inspector office / Nothing done
SUPERVISOR: She not there
Change of Address card Has been put in by the postal service
(OTHER PERTINENT DETAILS)
my mail is being Frewarded to the Logan square
post office at 2389 n. california sub chgo il 60643
and is being returned from there to the sender
as attempted unknown.

The supervisor is the same person who claims
my document from the same court that was mailed
certified and she said wasn't have but another
Cc: Lead Executive, District Manager/ Postmaster clerk at that post office
Manager, Post Office Operations                        give it to me.
Manager, Customer Service
                                          SIGNATURE  Omen Mallow

540 N. Dearborn
Chicago, IL 60610-9998
(312) 644-9862
(312) 644-7843 Fax

5-94

ADDRESS CHANGE



Ms. Nancy [illegible]
[illegible] St [illegible]
Chgo IL 60643

Copy to

**Application for Refund of Fees, Products, Withdrawal of Customer Accounts**

a blue or black ink and print within the boxes )

## Part 1 - Application (Customer complete and submit to local Post Office™ for processing)

Customer/Company Name

MARK FORCE

Attention

Mailing Address (Address to which the funds will be mailed)

1150 SO SCHALIN

Apt. or Suite No.

15

City

CHICAGO

State

IL

ZIP + 4®

60643-

Telephone No. (Include area code)

773-

Amount of Refund Request

$ | | | . | | | . 17.50

Customer Account No. or Postage Meter No.

X  _Marry Andrew_
Signature of Customer

Date of Request (MM/DD/YYYY)
09-26-2008

### Privacy Act Statement

Your information will be used to process and respond to your transaction. Collection is authorized by 39 USC 401, 403, 404, 410, 2008 & 31 USC 7701 Providing the information is voluntary, but if not provided, we may not process your refund request. We do not disclose your information to third parties without your consent, except to facilitate the transactions, to act on your behalf or request. We may only disclose your information as follows: in relevant legal proceedings, to law enforcement when the USPS® or requesting agency becomes aware of a violation of law, to a congressional office on your behalf; to contractors and other entities aiding us to fulfill the service (service providers); to entities authorized to perform audits, to labor organizations as required by law; to federal, state, local or foreign government agencies regarding personnel matters, to the Equal Employment Opportunity Commission, and to the Merit Systems Protection Board or Office of Special Counsel. For information regarding our Privacy Policy visit www.usps.com

Request Disbursement For: (Select the appropriate box)

☐ Refund Postage and Fees (AIC 553)

☐ Post Office PVI Error - Issued Locally
(Attach spoiled/misprint label to this form)

☐ Refund for Postal Service™ Related Products (AIC 608)
(e.g., merchandise)

☐ Refund Miscellaneous Non-Postal Service Revenue - (AIC 624)

**Customer Copy**
Label 11-F, April 2004

**EXPRESS MAIL**

EM 343985314 US

UNITED STATES POSTAL SERVICE ♦

**Post Office To Addressee** 3)

### ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code

Day of Delivery

Scheduled Date of Delivery

Date Accepted

Month      Day

Scheduled Time of Delivery      COD Fee      Insurance Fee

Time Accepted

Military      Total Postage & Fees

☐ AM  ☐ PM

Flat Rate  or Weight

### DELIVERY (POSTAL USE ONLY)

WAIVER OF SIGNATURE (Domestic Mail Only) Additional merchandise insurance is void if waiver of signature is requested. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

☐ NO DELIVERY  ☐ Weekend  ☐ Holiday

### CUSTOMER USE ONLY

METHOD OF PAYMENT:

Express Mail Corporate Acct. No.

FROM: (PLEASE PRINT)      PHONE

TO: (PLEASE PRINT)      PHONE

Federal Agency Acct. No. or
Postal Service Acct. No.

This refund

39

```
==========================================
           MORGAN PARK STA
          CHICAGO, Illinois
             606439998
           1615420431-0095
  09/26/2009 (773)238-2791 01:15:09 PM
==========================================
================= Sales Receipt =================
Product          Sale Unit      Final
Description       Qty Price      Price
==========================================

Express Mail Refund            -$17.50
(Cash)
    Cash
                            ==========
Total:                         -$17.50

Paid by:
Cash                           -$17.50
```

Order stamps at USPS.com/shop or
call 1-800-Stamp24. Go to
USPS.com/clicknship to print
shipping labels with postage.  For
other information call
1-800-ASK-USPS.

Bill#:1000500592521
Clerk:08

All sales final on stamps and postage
 Refunds for guaranteed services only
     Thank you for your business
*************************************
*************************************
           PICK UP A FREE
         RECYCLING ENVELOPE
   Take an envelope to recycle your
    inkjet cartridge, cell phone or
   small electronics free of charge!
*************************************
*************************************


*************************************
*************************************
       HELP US SERVE YOU BETTER

  Go to: http://gx.gallup.com/pos

     TELL US ABOUT YOUR RECENT
        POSTAL EXPERIENCE

       YOUR OPINION COUNTS
·····'*******************************
·····'*******************************

          Customer Copy
```

**UNITED STATES POSTAL SERVICE**

### Instructions

Complete a separate PS Form 3546 for each last name unless the original order was processed as a hyphenated last name.

**Item 1:** Neatly enter an "X" in the applicable box. You may select multiple actions if required on the same form. If you provide conflicting information, this form will be returned unprocessed.

**Item 2:** You must apply either a PS Form 3982 label (which contains customer name and old address) or write in the customer name and old address information. Do not use CFS or PARS labels; if you do, this form will be returned unprocessed.

**Items 3–6:** Complete applicable fields that require corrections. You must initial this form or it will be returned unprocessed.

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

---

## BUSINESS REPLY MAIL
FIRST-CLASS MAIL PERMIT NO. 78026 WASHINGTON DC

POSTAGE WILL BE PAID BY ADDRESSEE



*MORGAN Park Station*

TO: POSTMASTER
UNITED STATES POSTAL SERVICE

*Chgo I. 60643*



1 Check action(s) required in correct CO)

Correct Name
Change to Entire Family
Change to Individual Only
Cancel COA Order: Invalid Request
✓ Cancel COA Order, Resume Delivery
Correct New Address *
Correct Old Address *
Change Temporary to Permanent
Change Permanent to Temporary
Change Temporary End Date:

2  AFFIX 1982 LABEL ONLY or WRITE NA...   ADDRESS
   Individual         Family           Business

*MORROW  NANCY*
*11530  SO·  LAFLIN*
*Chgo   IL·   60643*

Complete items 3 and 4 below as appropriate for name modifications only:

3  Last Name or
   Business
   Name

M  M  D  D  Y  Y    4  First Name
08 26 09              and M I

* Required completion of OLD address or NEW address information when selected in ITEM ONE.
PRINT OLD mailing address below (Number and street name - Include ST, AVE, CT, etc. or PO BOX number)

5a. OLD Mailing   *11530  SO  LAFLIN*
    Address
5b  OLD Apt. or   *#S*
    Suite No.          5c  For Puerto Rico Only: Print urbanization name, if appropriate
5d. OLD City      *NANCY  MORROW*            5e.       5f.
    Name                                     State *IL* ZIP *60643*

PRINT NEW mailing address below (Number and street name - Include ST, AVE, CT, etc. or PO BOX number)

6a. NEW Mailing   *2339  N. CALIFORNIA*
    Address
6b. NEW Apt.,
    Suite No.           6c  For Puerto Rico Only: Print urbanization name, if appropriate.
    or PMB
6d. NEW City    *Logan  Square  Station*   6e.       6f.
    Name                                   State *IL* ZIP *60647*

Employee Initials  Date
*MK  8/26/09*

Route ID Number

PS Form **3546**, May 2007 (7530-01-000-9953)

**July 1, 2009** - G. Marie Lerner, 676 N. Michigan Ave, Chicago, Ill 60611, a black female, 5'3, with black hair came in with a $500.00 money order issued to her as payment to be deposited in her account, which was a fake.

**September, 2009** - Anna **Barrientos**, 300 N. State Street, Chicago, Ill 60610, 5'4, brn eyes, blk hair. Lady came in to cash a fake money order for $810.63.

**November 4, 2009** - Ebony Whitaker, 837 Peaksland, Ga. 30013, a black female, with long length dread locks, came in with a money order dated March 20, 2009, with light printed ink, but I could not find it in the data base. Supervisor informed her that we could not verify it so it could not be cashed.

**October 5, 2008** - Lynette Georgevich, 230 N. Dearborn St., #1200, Chicago, Ill 60604. I filed a police report because Lynette Georgevich became angry and argumentative when I questioned her about her return address not being put on the military package, and she refused to put her return address on the package. I told her I could not accept her package unless it had a return address on it. So she put an address on it and I told her that I would need to see her identification for verification and she became angry and threw the box at me. I stepped back and called the police. She was contacted by the Detectives and sent a letter of apology to me.




**UNITED STATES POSTAL SERVICE** ®

# Suspicious Transaction Report (STR)

**I. Completed by Postal Employee**

*Without alerting customer(s), provide as much of the following information as possible. Complete this form only after the customer leaves. Provide only information obtainable from behind the counter. Employee safety is the most important priority.*

|  | Begin Serial No. | *Thru* | End Serial No. |
|---|---|---|---|
| Money Order Range 1: | | | |
| Money Order Range 2: | | | |
| Money Order Range 3: | | | |
| Money Order Range 4: | | | |

Funds Transfer No.:

Transaction Amount: $

Transaction Time: ☐ : ☐ ☐ AM ☐ PM

Transaction Date: ☐☐ / ☐☐ / ☐☐

Recorded by Camera? ☐ Yes ☐ No

Activity Type: ☐ Purchased ☐ Redeemed ☐ Other *(Describe in Comment Section)*

**II. Identifying Information for Primary Customer** *(List information for additional customers in Comment Section):*

**Business Name/Customer Last Name**
B A R R I E N T O S

**First Name**
A N N A

**Address (Number, Street, Box, Suite/Apt. No.)**
~~[redacted]~~

**City**
C H I C A G O

**State**
I L

**ZIP+4**
6 0 6 1 0

**Country**

**Type of Business**

**Date of Birth (MM/DD/YYYY)**

**Social Security No.**

**Driver's License No. (US Only)**

**(State)**

**Other ID No.**

**Type of Other ID**

**Debit/Credit Card No.**

**Vehicle License No.**

**Round Date Stamp**

**State**

**Description of Customer(s) - (Sex and Approximate Age)**
1. ☐ Male ☒ Female    3. ☐ Male ☐ Female
2. ☐ Male ☐ Female    4. ☐ Male ☐ Female

**Comments:** *(Check all that apply)* Use the comments section below *(and reverse of this form)* to provide greater detail about the customer(s).

☐ 1. Comes in frequently and always purchases less than $3,000 worth
☐ 2. Asks for lesser amount after being advised to complete PS Form 8105-A
☐ 3. Two or more people working together
☐ 4. Unusual Activity *(Explain below)*

~~[illegible struck-through text]~~

post office 731 08162

LADY CAME TO CASH A FRAUD Money FOR 810.63
Black Hair young look girl 5/4 100 KS

**Attention**
Mail this form daily to:    **USPS BSA COMPLIANCE**
**PO BOX 9005**
**SIOUX FALLS, SD 57117-9005**

44

**Post Office Zip Code**
6 0 6 1 0

PS Form 8105-B, October 2007 *(Page 1 of 2)*  PSN 7530-04-000-9307



*ADDITIONAL* Money Order Serial Numbers:

|  | Begin Serial No. | *Thru* | End Serial No. |
|---|---|---|---|
| Money Order Range 1: | □□□□□□□□□□ | | □□□□□□□□□□ |
| Money Order Range 2: | □□□□□□□□□□ | | □□□□□□□□□□ |
| Money Order Range 3: | □□□□□□□□□□ | | □□□□□□□□□□ |
| Money Order Range 4: | □□□□□□□□□□ | | □□□□□□□□□□ |
| Funds Transfer No.: | □□□□□□□□□□□□□□ | | |

ANNA BARRIENTOS

~~⬛⬛⬛⬛~~

CHICAGO, ILL 60610

~~⬛⬛⬛~~

5'04" 100# BRN EYES BLK HAIR

~~⬛⬛⬛⬛⬛⬛⬛~~

45

PS Form 8105-B, October 2007 *(Page 2 of 2)*

UNITED STATES
POSTAL SERVICE

POSTAL MONEY ORDER

Serial Number

16946977298

Pay to
ANNA BREZIAKOS

MEMO

CHICAGO, IL 60610

2005-09-07    731081    $810.63

EIGHT HUNDRED TEN DOLLARS & 63*******

U.S. Dollars and Cents

Negotiable Only in the U.S. and Possessions

SEE REVERSE WARNING - NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

⑆0000800 2⑆    ⑆16946977298⑈

46

# United States Postal Service

## Suspicious Transaction Report (STR)

I. Completed by Postal Service Employee

Without alerting customer(s), provide as much of the following information as possible. Complete this form only after the customer leaves. **Provide only information obtainable from behind the counter.** Employee safety is the most important priority.

| | Begin Serial No. | Thru | End Serial No. |
|---|---|---|---|
| Money Order Range 1: | | | |
| Money Order Range 2: | | | |
| Money Order Range 3: | | | |

Stored Value Card No.:

Funds Transfer Transaction No.:

Transaction Amount: $

Transaction Time: (use Military Time) :  

Transaction Date: / /

Recorded by Camera?  Yes  No

Activity Type:  Purchased  Cashed  Other (Describe in Comment Section)

### II. Identifying Information for Primary Customer (List information for additional customers in Comment Section)

Business/Customer Name: *EBONY : WHitakero*   First Name: *Ebony*

Address (Number, Street, Box, Suite/Apt. No.): 

City: *Longyeas*   State:   ZIP Code+4®:   Country:

Type of Business:

Social Security No.:

Date of Birth (MM/DD/YYYY): / /

State:   Other ID No.:   Driver's License No.:

Type of Other ID

Debit/Credit Card No.:   Vehicle License No.:

Date   Description of Customer   Male  Female  Approximate Age

Comments: (Check all that apply)

1. Comes in frequently and always purchases less than $3,000 worth.
2. Asked for lesser amount after being advised to complete PS Form 8105-A.
3. Two or more people working together.
4. Other: Describe the customer including the approximate height and weight

*LADY BLACK female they look Long Length Hair*
*Came in with three money order than*
*one not I Dollar Bose DAted 03-20-09*
*303021 Essye. Was canaot cash a 60.00 Police*
*That was in printed file and was*
*the hair a ...*

Additional Comments on Reverse

Attention
Mail this form
daily to:

USPS BSA COMPLIANCE
PO BOX 9005
SIOUX FALLS SD

**I. Completed by Postal Service Employee**

Without alerting customer(s), provide as much of the following information as possible. Complete this form only after the customer leaves. **Provide only information obtainable from behind the counter. Employee safety is the most important priority.**

Begin Serial No.                     Thru                     End Serial No.

Money Order Range 1: *1 6 8 9 0 9 8 8 4 2 3*

Money Order Range 2: *1 6 8 9 0 9 8 8 5 1 7   1 5 0 0*

Money Order Range 3: *1 6 8 9 0 9 8 8 5 1 2*

Stored Value Card No.:

Funds Transfer
Transaction No.:

Transaction Amount: $

Transaction Time:
(use Military Time)                    :

*This was Addresse
By Supervisor
ALS Clfeitm*

Transaction Date:

Recorded by Camera?     Yes     No

Activity Type:     Purchased     Cashed     Other (Describe in Comment Section)

**II. Identifying Information for Primary Customer (List information for additional customers in Comment Section)**

Business/Customer Name                              First Name

Address (Number, Street, Box, Suite/Apt. No.)

City *CHICAGO*          State *IL.*     ZIP Code+4® *606#0*          Country

Type of Business

Social Security No.                    Driver's License No.          Date of Birth (MM/DD/YYYY)     /     /

State     Other ID No.               Type of Other ID

Debit/Credit Card No.

Vehicle License No.

State     Description of Customer     Male     Female *X*     Approximate Age *60*

Round Date Stamp

Comments: (Check all that apply)

1. Comes in frequently and always purchases less than $3,000 worth.

2. Asked for lesser amount after being advised to complete
PS Form 8105-A.

3. Two or more people working together.

4. Other: Describe the customer including the approximate
height and weight.

*LADY BLACK FEMALE 5ft 3in. Black hair Brown Eye*

*Person came in with 800.00 money
orders that was Fake. Issued to Her
as payment to be deposited in Her Accoun
and there pire wester
western their payment
60 E Ahgn In madison*

Continue Additional Comments on Reverse

**Attention**
Mail this form
daily to:

USPS BSA COMPLIANCE
PO BOX 9005
SIOUX FALLS SD 57117-9



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NANCY MORROW,                )
                             )
              Plaintiff,      )
                             )      No. 11 C 4349
        v.                   )
                             )
PATRICK R. DONAHOE , Postmaster )   Judge Norgle
General,                     )
                             )
              Defendant.      )

## ANSWER TO COMPLAINT
## OF EMPLOYMENT DISCRIMINATION

Defendant Patrick R. Donahoe , Postmaster General, by Patrick J. Fitzgerald, United States

Attorney for the Northern District of Illinois, for his answer to the complaint, states as follows:

### First Defense

Plaintiff failed to timely exhaust administrative remedies.

### Second Defense

Plaintiff is precluded from bringing all claims in her complaint except for the one related to

an April 2010 seven-day suspension as the others have been raised and ruled upon in prior cases.

*See* No. 08 C 5087, No. 09 C 7144, No. 10 C 2772, and No. 10 C 7211. .

### Third Defense

Any of plaintiff's claims occurring more than 45 days prior to contacting an EEO counselor

fail to comply with statute of limitations.

**Fourth Defense**

Answering the specific allegations of the complaint, and using the same paragraph numbering, defendant Patrick R. Donahoe, Postmaster General, admits, denies, or otherwise avers as follows:[1]

1.     **Complaint:**   This is an action for employment discrimination.

        **Response:**   Admit.

2.     **Complaint:**   The plaintiff is Nancy Morrow of the county of Cook in the State of Illinois.

        **Response:**   Admit.

3.     **Complaint:**   The defendant is Patrick R. Donahoe, Postmaster General, whose street address is 475 L'Enfant Plz. Southwest WA. DC 20260 (312) 664-7603.

        **Response:**   Admit.

4.     **Complaint:**   The plaintiff sought employment or was employed by the defendant at 540 N. Dearborn, Chicago, Cook County, Illinois 60643.

        **Response:**   Admit.

5.     **Complaint:**   The plaintiff was hired and is still employed by the defendant.

        **Response:**   Admit.

6.     **Complaint:**   The defendant discriminated against the plaintiff on or about, or beginning on or about, Recent 03, 31,2010 — 21006 thru 2010 continuously.

        **Response:**   Deny.

---

[1] Defendant is responding to a pro se, handwritten form complaint and, although difficult to read, has tried to present the allegations of the complaint as accurately as possible.

7.2 **Complaint:** The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

Yes, Various.

2. The plaintiff received a Final Agency Decision on 03, 31 2011.

c. Attached is a copy of the

a. Complaint of Employment Discrimination – NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision – NO, but a copy will be filed within 14 days.

**Response:** Admit the defendant is a federal governmental agency, plaintiff previously filed a complaint of employment discrimination with defendant asserting the acts of discrimination indicated in this court complaint, plaintiff received a Final Agency Decision on March 31, 2011, and that copies of the Complaint of Employment Discrimination and Final Agency Decision were not attached to the complaint, and deny the remaining allegations.

8. **Complaint:** Not applicable

9. **Complaint:** The defendant discriminated against the plaintiff because of the plaintiff's (a) Age (Age Discrimination in Employment Act); (g) Sex (Title VII of the Civil Rights Act of 1964).

**Response:** Deny.

10. **Complaint:** Not applicable

3

13.  **Complaint:**  The facts supporting the plaintiff's claim of discrimination are as follows:

Written-ups.   Failed to stop harassment – intentional pretext harassment by manager supervisor of a closely followed of incidents from inspector serv. and 911 call of customer targeted and throw a box at me.  I was drafted to work and junior clerk under age of 40 and less seniority was not drafted and males gender who was volunteer was not drafted.  Retaliation, interfering work, hostile env.

       **Response:**   Deny.

14.  **Complaint:**  [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against plaintiff.

       **Response:**   Deny.

15.  **Complaint:**  The plaintiff demands trial by jury — YES.

       **Response:**   Admit plaintiff demands jury trial and deny trial by jury is available in an ADEA action.

16.  **Complaint:**  THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff

(f)   Direct the defendant to (specify): unlawful and personal deprivation at the hands of the postal serv and I am a person aggrieved.  At the US employee credit union my zip code mail was changed to 60699.  The Inspector office which almost led to repossession of my car.  A change of address was put in and my mail was forward to Logan Square post office.  Financial harddhip My keys was taken from management safe.

5

(g)    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)    Grant such other relief as the Court may find appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ James M. Kuhn, Sr.
     JAMES M. KUHN, SR.
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312) 353-1877
     james.kuhn @ usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

ANSWER TO COMPLAINT OF EMPLOYMENT DISCRIMINATION

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on September 12, 2011, to the following non-ECF filers:

Nancy Morrow
11530 South Laflin
Chicago Illinois 60643

s/ James M. Kuhn, Sr.
JAMES M. KUHN SR.
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1877