RECEIVED

2013 APR 18 PM 5:49

U.S. D̲ISTRICT

FILED

APR 18 2013 JH

THOMAS G. BRUTON
CLERK, U S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| NANCY MORROW | ) | CASE: 11-CV-04349 |
| COMPLAINANT | ) | JUDGE. CHARLES NOGLE |
| V. | ) | |
| PATRICK DONAHOE | ) | |
| POSTMASTER GENERAL | ) | |
| U.S. POSTAL SERVICE. | ) | |
| DEFENDANT | | DATE: April 6, 2013 |

## LOCAL RULE 56.1(b)(3)(B) STATEMENT
## OF MATERIAL FACTS IN SUPPORT OF
## MOTION OF PLAINTIFF RESPONSE TO SUMMARY JUDGMENT

Nancy Morrow Pro-Se of Chicago Illinois 60643 replies to defendant Lisa Maya Tolbert Affidavit statement which has no genuine dispute over material facts in support of documentation of evidence which is in favor of the Plaintiff to be entitled to the judgment as a matter of law. [1]

### Jurisdictional Information

1.      Plaintiff Nancy Morrow, an employee at the Fort Dearborn Station of the Chicago post office, filed this discrimination action against her employer, the United States Postal Service,

alleging that she was discriminated against on account of her age, sex, and retaliation. Government Exhibit A.

> *Response:* Admit retaliation used as disciplinary action, creating a hostile work environment *and failing to stop harassment.*

2. Patrick R. Donahoe is named as a defendant only in his official capacity as the Postmaster General. Fed.R.Civ.P. 25(d). He denies the allegations. Government Exhibit B. *Response:* Admit

3. Jurisdiction is proper in this court pursuant to 42 U.S.C. §§ 2000e-5(f)(3)and 2000 e-16(d), and 29 U.S.C. § 633a(c).

> *Response:* Admit the Postal Service has Admit to the Jurisdiction 42 .S.C. §§ 20000e-5(f)(3)and 2000 e-16(d), and 29 U.S.C. § 633a(c) against the plaintiff Morrow. Government Exhibit B page 4.

4. Venue is proper pursuant to 28 U.S.C. § 1391(e).

> *Response:* Admit

5. On November 18, 2011, the district court dismissed the complaint as frivolous. Dkt. No. 25.

> *Response:* Admit due to Material Adverse Retaliation Discrimination. Under the law of the Appeal Court is NON-FRIVOLOUS (IMPORTANT TO SEPARATE SIGNIFICANT FROM TRIVAL HARMS) The filing of formal disciplinary charges were such charges are entered in the employee's permanent file can qualify as materially

adverse. See, e.g. uddin v. city of N.U., 316 fed appx...04 at 5-6(2d Cir, 2008) employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination. We speak of material adversity because we believe it is (important to separate significant from trivial harms).

Lisa Maya Tolbert claimed that I close-out at 2:30 03-31-2010 and record of evidence showed to I never closed at 2:30 but close-out at 3:03 and continued serving customers *Id.,* ¶¶ 11-15. Government Exhibit R pg.9 par 3.

No Legitimate reason or justified cause, and no merit for Material adverse discrimination retaliation motive that was used as disciplinary action for issuing me a 7 day suspension for Charge 1- Failing to Follow Instruction.

 Charge 2-use of unauthorized over-time. All window Clerks male or female that was assigned to work in a finance Dept. had unauthorized overtime.

6.    By order dated November 2, 2012, the court of appeals reversed the judgment of the district court "in regard to [Morrow's age discrimination claim," and remanded the case "to decide whether [Morrow]'s seven-day suspension in 2010 gives rise to a nonfrivolous claim of age or punitive damages. Government Exhibit C.  *

*Response:*    Deny No It was not due to a suspension, IT WAS FOR (2) REASON (1) The Postal Service has Admitted to the Jurisdiction 42 .S.C. §§ 20000e-5(f)(3)and 2000  e-16(c)S and 29 U.S.C. § 633a(c) against the plaintiff Morrow.  Government

Exhibit B page 4. (2) Material Adverse Retaliation Discrimination. Under the law of the Appeal Court is NON-FRIVOLOUS (IMPORTANT TO SEPARATE SIGNIFICANT FROM TRIVAL HARMS) The filing of formal disciplinary charges were such charges are entered in the employee's permanent file can qualify as materially adverse. Also the filing of disciplinary action that was used against me was Material adverse discrimination retaliation motive having no legitimate reason or justified cause, or merits for Supervisor Lisa Maya Tolbert to issue to me disciplinary action for Charges 1 — Failure to Follow Instructions. Charge 2 — Use of Unauthorized Overtime.

Material Adverse Retaliation Discrimination. The filing of formal disciplinary charges were such charges are entered in the employee's permanent file can qualify as materially adverse. example by creating a hostile work environment for me to persuade and retain other employees from filing claims against them. Retaliatory conduct engaged in by its agents?

7.　　In March 2010, Morrow was working as a full-time window/distribution clerk, otherwise known as a sales, service and distribution associate, at the Fort Dearborn Station of the Chicago Post Office. Government Exhibit D

　　　　*Response:*　Admit



8.     In March 2010, Lisa Tolbert (formerly Lisa Maya) was a supervisor, customer service at the Fort Dearborn Station. Government Exhibit E, ¶ 2.

> *Response:*    Admit for one year in the finance Dept.

9.     On March 31, 2010, Tolbert was the "fill in" supervisor, as the regular supervisor was off that day, supervising the window/distribution clerks, including Morrow. Government Exhibit E, ¶ 3.

> *Response:*    Admit

10.    At about 2:30 p.m., Tolbert was in station lobby and observed Morrow close her window. Government Exhibit E, ¶ 4.

> *Response:*    Deny records of factual evidence shows that I close-out (03-31-2010) at 3:03 and never closed at 2:30 but continued to serve customers at 2:30 did a stamp sale cash for $2.20, 2:31 a visa transaction 4.40 2:35 send a priority package for $5.15, 2:37gota customer package. voided a customer transaction for $13.65 from 2:41 until 2:49, and enter customs forms until 3:03 *Id.*, ¶¶ 11-15 Government Exhibit R pg.9 par 3

> There is no support from the record provided for this statement. Not being supported by record evidence, it should be disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this statement") is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to

2013 APR 18 PM 5: 57

RECEIVED

set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id. 1*

11.     Tolbert had earlier inquired of the head of the station's finance department as to how much time is needed to close out a window and was told that it should take no longer than 15 minutes. Government Exhibit E, ¶ 5.

> *Response:*     Admit Tolbert was my former finance Supervisor she was very
>
> *Aware 15min clerks closing 10min for Supervisor verify 5min*
>
> *Wash-up which is 30min.*

12.     Morrow's tour of duty ended that day at 3:30 p.m. Government Exhibit E, ¶ 6.
> *Response:*     Admit

13.     Tolbert instructed Morrow to reopen her window and continue to service customers; Morrow told her "No, I am not going to open my window." Government Exhibit E, ¶ 6.

> *Response:*     Deny records of factual evidence shows that I close-out (03-31-
>
> 2010) at 3:03 and never closed at 2:30 but continued to serve
>
> customers at 2:30 did a stamp sale cash for $2.20, 2:31 a visa
>
> transaction 4.40 2:35 send a priority package for $5.15, 2:37 got

2013 APR 18 PM 5: 57

RECEIVED

a customer package. voided a customer transaction for $13.65 from

2:41 until 2:49, and enter customs forms until 3:03 *Id.,* ¶¶ 11-15 Government Exhibit R pg.9 par 3

There is no support from the record provided for this statement. Not being supported by record evidence, it should be disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id.,* ¶¶ 11-15

14.     Tolbert again instructed Morrow to reopen her window and Morrow provided her with many reasons why she did not want to reopen it. Government Exhibit E, ¶ 7.

*Response:*     Deny records of factual evidence shows that I close-out (03-31-2010) at 3:03 and never closed at 2:30 but continued to serve customers at 2:30 did a stamp sale cash for $2.20, 2:31 a visa transaction 4.40 2:35 send a priority package for $5.15, 2:37 got a customer package. voided a customer transaction for $13.65 from

2:41 until 2:49, and enter customs forms until 3:03 *Id.,* ¶¶ 11-15 Government Exhibit R pg.9 par 3

There is no support from the record provided for this statement. Not being supported by record evidence, it should be disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id.*

15.     Tolbert ended the conversation because she did not want to create an unpleasant scene in the public lobby of the postal facility. Government Exhibit E, ¶ 8. *

Response:     Deny records of factual evidence shows that I close-out (03-31-2010) at 3:03 and never closed at 2:30 but continued to serve customers at 2:30 did a stamp sale cash for $2.20, 2:31 a visa transaction 4.40 2:35 send a priority package for $5.15, 2:37 got a customer package. voided a customer transaction for $13.65 from

2:41 until 2:49, and enter customs forms until 3:03 *Id.,* ¶¶ 11-15 Government Exhibit R pg.9 par 3

There is no support from the record provided for this statement. Not being supported by record evidence, it should be disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id.*

16.  Tolbert never observed that Morrow ever did reopen her window. Government Exhibit E, ¶ 9. *

*Response:*  Deny records of factual evidence shows that I close-out (03-31-2010) at 3:03 and never closed at 2:30 but continued to serve customers at 2:30 did a stamp sale cash for $2.20, 2:31 a visa transaction 4.40 2:35 send a priority package for $5.15, 2:37 got a customer package. voided a customer transaction for $13.65 from

2:41 until 2:49, and enter customs forms until 3:03 *Id.,* ¶¶ 11-15 Government Exhibit R pg.9 par 3



There is no support from the record provided for this statement. Not being supported by record evidence, it should be disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id.*

17.     Later, Tolbert discovered that in addition to closing her window early, Morrow worked overtime without authorization. Government Exhibit E, 1110, 14; Government Exhibit F (code 05300 is the code for overtime); Government Exhibit S.

> *Response:*     Deny records of factual evidence shows that I close-out (03-31-2010) at 3:03 and never closed at 2:30 but continued to serve customers at 2:30 did a stamp sale cash for $2.20, 2:31 a visa transaction 4.40 2:35 send a priority package for $5.15, 2:37 got a customer package. voided a customer transaction for $13.65 from 41 until 2:49, and enter customs forms until 3:03 *Id.,* ¶¶ 11-15 Government Exhibit R pg.9



18.     Upon Tolbert' s inquiry, Morrow advised Tolbert that she went into overtime because she had to close out her window. Government Exhibit E, ¶ 11.**

> *Response:*     Deny. There is no support from the record provided for this statement. Not being supported by record evidence, it should be disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id*

19.   Closing out a window required the window/distribution clerk to reconcile all of the day's transaction's paperwork, count the money in his or her drawer, turn in all money in the drawer excess of $100 to the supervisor for the day's bank deposit, and enter the information the computer system for the supervisor to review and approve. Government Exhibit E, ¶ 12.

> *Response:*   Admit enter customs forms 15 min clerk 10min Sup. &5min wash up

20.     Tolbert could not understand how Morrow needed to work overtime to close out her window when she closed her window position one hour before the end of her tour. Government Exhibit E, ¶ 13.

U.S. DISTRICT COURT

2013 NOV 18  PM 5:55

CLERK'S OFFICE

*Response:* Deny records of factual evidence shows that I close-out (03-31-2010) at 3:03 and never closed at 2:30 but continued to serve customers at 2:30 did a stamp sale cash for $2.20, 2:31 a visa transaction 4.40 2:35 send a priority package for $5.15, 2:37 got a customer package. voided a customer transaction for $13.65 from

2:41 until 2:49, and enter customs forms until 3:03 *Id.,* ¶¶ 11-15 Government Exhibit R pg.9 par 3

There is no support from the record provided for this statement. Not being supported by record evidence, it should be disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id.*

21. Upon further investigation, Tolbert learned that Morrow had also worked overtime without authorization on March 29 and 30, 2010. Government Exhibit E, ¶ 15; Government Exhibit F.

*Response:* Irrelevant

U.S. DISTRICT COURT
2013 APR 18 PM 3:58
RECEIVED

March 29-30 should have not been included in Lisa Tolbert write up

prior to Mrs. Tolbert working or being in the finance Dept. which

was also untimely over (17) days would have been dismiss with a step 1

(2) days over the date of issuing me disciplinary action April 15, 2010.

Which made the write-up defective over (15) days and untimely

and with the union investigation unauthorized overtime was done by all

clerks and no one else was written up for unauthorized overtime

or on the overtime desire list everyone on the list is not allowed to

work every day as well because they want to

22.     Tolbert had observed that Morrow closed her window at 2:30 p.m. on both dates,

leaving her sufficient time to complete the closeout procedure without needing to go into

overtime. Government Exhibit E, ¶ 16.

> *Response:*     Deny Lisa Maya Tolbert was not working in the finance Dept.
> *March 29*-30 because she fill in for the Supervisor for that day
> *Which was March 31,2010* Refer to her Affidavit statement .
> Government Exhibit E, ¶ 3
>
> records of factual evidence shows that I close-out (03-31-2010)
> at 3:03 and never closed at 2:30 but continued to serve customers
> at 2:30 did a stamp sale cash for $2.20, 2:31 a visa transaction
> 4.40 2:35 send a priority package for $5.15, 2:37 got a customer
> package. voided a customer transaction for $13.65 from 2:41

until 2:49, and enter customs forms until 3:03 *Id.,* ¶¶ 11-15

Government Exhibit R pg.9 par 3

Tolbert only filled in one day for the finance Supervisor on March-31 so how did she observed me on the 29 and the 30th when *Tolbert did not work in the fianance dept on the 29th and 30th*

Government Exhibit E, ¶ 3. And refer to question number 9

There is no support from the record provided for this statement. Not being supported by record evidence, it should be disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id.*

23.     Tolbert verified Morrow's use of overtime in the Postal Service electronic database called "TACS." Government Exhibit E, ¶ 14; Government Exhibit F.

*Response:* Admit Tolbert was also aware of the all the finance window

Clerks, males, females, and Junior clerks under the age of 40yrs

Had unauthorized overtime and wasn't on the overtime desire list



24. Morrow was not authorized to work overtime on any of the three dates. Government Exhibit E, ¶ 17.

Response:    Admit March 29, 2010 Lisa Maya was not working in the finance

Dept. and My Supervisor was closing out another clerk and I had.

To wait which took me into overtime. March 30, 2010 I had to

replenish my change at the end of the day for the next following day

by my Supervisor. March 31, 2010 my debit card machine had

malfunction that day and several customers credit cards was not working

and I end up with $465.00 worth of spoiled meter stripes and Lisa Maya

Tolbert was very much aware of it because she question me about the

Customer who credit card didn't work and had over $ 200.00 worth

Package that she was sending out and therefore I had to void the

And she had to be service by another clerk who debit card was working

in the past adjustments with that amount of money is known to take

clerks hours into overtime and we are informed that we can't leave

Sometimes have to call the help desk because the supervisor cannot

Close finance Station and send the money down if a clerk draw doesn't

Balance and it was nothing she could do to help with the new software.

Except for write me up for 10min when she allowed all clerks

male & female and Junior clerks under the age of 40 do overtime and I

Only person she write-up.

25. On April 12, 2010, Tolbert drafted a notice of a seven-day suspension to Morrow Government Exhibit E, ir 18, 24; Government Exhibit G.

> *Response:*  Admit base on fabrication materially adverse action used
>
> *Used as disciplinary action for (1) failing to following*
>
> *instruction and (2) discrimination disparate treatment based*
>
> *on age and sex. Of other Sales service distribution ass. Which*
>
> *was verified by the union of clerks who was on unauthorized*
>
> *overtime status however grievant morrow was the only clerk*
>
> *she want to write up and issue a 7day suspension  Government*
>
> *Exhibit L*

26. The reasons for the suspension as stated in the notice were: Charge 1 — Failure to Follow Instructions, and Charge 2 — Use of Unauthorized Overtime. Government Exhibit E, ¶ 19; Government Exhibit G.

> *Response:*  Admit

27. The conduct underlying Charge 1 was Morrow's failure to reopen her window to service customers on March 31, 2010. Government Exhibit E, ¶ 20; Government Exhibit G. *

> *Response:*  Deny Charge 1 was Failure to Follow Instruction
>
> Government Exhibit G
>
> There is no support from the record provided for this statement.
>
> Not being supported by record evidence, it should be

disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id.*

28.     The conduct underlying Charge 2 was the unauthorized overtime used on March 29-31, 2010. Government Exhibit Elf 21; Government Exhibit G.

> *Response:*     Admit. March 29, 2010 Lisa Maya was not working in the finance
>
> Dept. and My Supervisor was closing out another clerk and I had.
>
> To wait which took me into overtime.  March 30, 2010 I had to
>
> replenish my change at the end of the day for the next following day
>
> by my Supervisor.

29.     Also on April 12, 2010, but before drafting the suspension notice, Tolbert interviewed Morrow about the conduct that was the basis for the suspension. Government Exhibit E, ¶ 22.

> *Response:*     Admit Lisa Maya Tolbert made false allegation against me

30.     Regarding the allegation that Morrow closed her window early of March 31, 2010, and refused to reopen it and continue to service customers as instructed, Morrow stated that she did reopen for the purpose of inputting data from her customs forms. Government Exhibit E, 1123.*

*Response:* Deny records of factual evidence shows that I close-out (03-31-2010) at 3:03 and never closed at 2:30 but continued to serve customers at 2:30 did a stamp sale cash for $2.20, 2:31 a visa transaction 4.40 2:35 send a priority package for $5.15, 2:37 got a customer package. voided a customer transaction for $13.65 from 2:41 until 2:49, and enter customs forms until 3:03 *Id.,* ¶¶ 11-15 Government Exhibit R pg.9 par 3

There is no support from the record provided for this statement. Not being supported by record evidence, it should be disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id.* *

31. The seven-day suspension notice stated in the first paragraph: "Unless delayed by the initiation of a timely grievance, you will begin your suspension effective on May 9, 2010 at 07:OOam." Government Exhibit G.

*Response: Admit*

32. On page 2, the notice further provided:

> You will be suspended during the time period stated below, the starting date for which will be minimum often calendar days after the date of this notice. During this ten-day period, you will remain on the job or on the clock, at the discretion of the Postal Service, while in a pay status. However, if a timely grievance is initiated, the effective date of the suspension will be delayed until at least ten calendar days after the disposition of the grievance, either by settlement or an arbitrator's final and binding decision. During this time, you will remain on the job or on the clock, at the discretion aof the Postal Service, while in a pay status.

> Unless delayed by the initiation of a timely grievance, you will begin your suspension effective on May 9, 2010 ay 0:700am. . . .

Government Exhibit G.

> *Response:*     *Admit* However, if a timely grievance is initiated, the effective date of the suspension will be delayed until at least ten calendar days after the disposition of the grievance, either by settlement or an arbitrator's final and binding decision. During this time, you will remain on the job or on the clock, at the discretion of the Postal Service, while in a pay status.

> Supervisor Lisa Maya Tolbert Refused to provide the union with pertinent with information no grievance procedure and refusing to have a step 1 which is a violation of article 16 Union bargaining Agreement. So ten days later at the discretion of Supervisor Lisa Maya Tolbert I must begin my suspension effective on May 9, 2010 7:ooam Government Exhibit G.

33. The notice concluded, stating: "You have the right to file a grievance under the procedures set forth in Article 15 of the National Agreement with fourteen (14) days of your receipt of this notice. Government Exhibit G.

*Response:* Admit

34. On April 15, 2010, the seven-day suspension notice was issued to Morrow. Government Exhibit E, ¶ 24; Government Exhibit G. *

*Response:* Admit without legitimate reason, No justified Cause

35. The collective bargaining agreement between the United States Postal Service and the American Postal Workers' Union (of which Morrow as a postal clerk was a member) at Article 16, Section 4, provided that in cases of suspensions of 14 days or less, "if a timely grievance is initiated, the effective date of the suspension will be delayed until the disposition of the grievance, either by settlement or an arbitrator's final and binding decision. The employee shall remain on the job or on the clock (in a pay status) at the option of the Employer." Government Exhibit H, Article 16, Section 4.

> *Response:* *Admit* However, if a timely grievance is initiated, the effective date of the suspension will be delayed until at least ten calendar days after the disposition of the grievance, either by settlement or an arbitrator's final and binding decision. During this time, you will remain on the job or on the clock, at the discretion of the Postal Service, while in a pay status.
>
> Supervisor Lisa Maya Tolbert Refused to provide the union with pertinent with information no grievance procedure and refused to have a step 1 which is a violation of article 16 Union bargaining Agreement. So ten days later at the discretion of Supervisor Lisa Maya Tolbert I must begin my suspension effective on May 9, 2010 7:ooam Government Exhibit G.

36. The Joint Contract Interpretation Manual in effect since June 2007, provided at Article 16, page 4:

SUSPENSIONS OF 14 DAYS OR LESS

> An employee issued a suspension of fourteen days or less does not serve the suspension until there is final disposition of a timely filed grievance. The effective date of the suspension is delayed until the parties come to an agreement through the grievance procedure or an arbitrator issues a final and binding decision. The employer has the option of retaining the employee on the job or on-the-clock (in pay status) during the period of delay.

Government Exhibit I.

> *Response: Lisa Maya refused to have a step 1 did not provide requested*
>
> > *Information to the union as request only limited and no record of a Step1*
> >
> > *No agreement, no grievance procedure violation Article 16,15,17,19,31,5*
> >
> > Government Exhibit L page 2

37.     On April 15, 2010, the postal workers' union initiated a grievance, number

0722M132650, on Morrow's behalf. Government Exhibit J; Government Exhibit E, ¶ 25.

> *Response:*    Deny J06C-4J-D 10191844 Dated June 21, 2010 Government Exhibit R

PG. 9                Union steward was on vacation she got the around the 20th

38.     On April 20, 2010, the postal workers' union requested information and

documents from the Postal Service to support the grievance, receiving those documents

one day later. Government Exhibit K.*

> *Response:* Admit and (9) days later and Tolbert refused Government Exhibit L pg. 2
>
> > *Later Tolbert April 29, 2010 she refused to have a step 1 that was scheduled*
> >
> > *Government Exhibit K. and failed to give her only limited information as*
> >
> > *Requested Government Exhibit L pg.2*

39.     The union later appealed the grievance filed on behalf of Morrow to Step 2.

Government Exhibit E, ¶ 26; Government Exhibit L

*Response:* Deny V*iolation article 16 never had a Step 1 Supervisor lisa maya Tolbert refused to sign and agree to have a Step 1. No greivance procedure took place. As you know you can't have an appeal without a decision.* Government Exhibit L page 2.

There is no support from the record provided for this statement. Not being supported by record evidence, it should be disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, *1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id.*

40. Despite the pending union grievance, Morrow did not report for work for the week starting May 9, 2010 through May 13, 2013. Government Exhibit E, ¶ 27; Government Exhibit M (code 02400 is the code for absent without leave); Government Exhibit S.

*Response: Deny Immaterial no grievance procedure took place Supervisor Lisa Maya Tolbert Refused To have a step 1 violation #16,31,15,17,5*

There is no support from the record provided for this statement. Not being supported by record evidence, it should be

disregarded. *Winters v. Walsh Const. ofIllinois,* 2007 WL 2848403, \*1 (N.D. Ill. Sept. 20, 2007). In addition, this "statement" is argumentative and should be stricken. The statement of facts in support of summary judgment is intended to set forth *factual allegations,* and only factual allegations, upon which a summary judgment decision can be based. *Malec v. Sanford,* 191 F.R.D. 581, 583-584 (N.D. Ill. 2000). No argument is permitted. *Id.*

41.   The week that Morrow was not at work, no one in management knew why she did not report for work, and she was marked AWOL {absent without leave) for five days that week. Government Exhibit E, ¶ 28; Government Exhibit M.

> *Response:*   Deny Management was aware that Lisa Maya Tolbert that
>
> Refused to have a Step 1 with the union which is a violation
>
> Of Article 16 union contract bargaining agreement.
> Government Exhibit L pg.2

42.   On June 25, 2010, the Postal Service and the union settled the grievance filed on Morrow's behalf, reducing the seven-day suspension to an official job discussion. Government Exhibit E, ¶ 30; Government Exhibit N.

> *Response:*   Admit 3 months later There is no discussion for a lie or false statement

43.   Since the union filed a grievance of the seven-day suspension on Morrow's behalf, she could not have served her suspension until the grievance was resolved. Government Exhibit E, 29

*Response:* Lisa Refused to have a step 1 with union and no grievance procedures Article #16 grievant was denied due process rights Government Exhibit L

Pg. 2

44.    Pursuant to the National Agreement, only employees on the Overtime

Desired List may be granted authorization to work overtime unless none are available.

Government Exhibit E, ¶ 31; Government Exhibit H, Article 8, Section 5.

*Response:  Admit*

45.    Morrow was not on the overtime desired list. Government Exhibit E, ¶

32; Government Exhibit 0.

*Response:*    Admit all clerks who worked in the finance dept. had overtime *

46.    On April 16, 2010, Morrow contacted an EEO counselor and filed an

informal complaint of discrimination. Government Exhibit P.

*Response:*    Admit

47.    On June 28, 2010, Morrow filed a formal complaint of discrimination with the Postal Service. Government Exhibit Q.

*Response:*    April 16, 2010 on issue 03-31-2010  and  took the next step

48.    On March 31, 2011, the Postal Service issued its final agency decision deny

Morrow's claims of discrimination. Government Exhibit R.

R*esponse:*    Admit and the Decision was later REVERSED AND REMANDED the by

appeals Court.    Postal Serv.    Admit to the Jurisdiction  42 U.S.C. §§ 2000e-5(f)(3)and 2000 e-

16(d), and 29 U.S.C. § 633a(c) in favor of the plaintiff Morrow.  Government Exhibit B page 4.



2013 APR 18 PM 5:19

RECEIVED

## CERTIFICATE OF SERVICE

I hereby certify that on _____ *March 18, 2013* I electronically filed PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT with the Clerk of Court filing(s) to the following:

James M. Kuhn, Sr.
Assistant United States Attorney
219 South Dearborn Street
Chicago, IL 60604

U.S. DISTRICT
COURT

2013 APR 18 PM 5:49

RECEIVED