## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NANCY MORROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 11 CV 4349 |
| v. | ) |
| | ) Hon. Charles R. Norgle |
| PATRICK R. DONAHOE, | ) |
| Postmaster General, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

Plaintiff Nancy Morrow ("Plaintiff"), proceeding pro se, sues her employer, Defendant

Patrick R. Donahoe, Postmaster General ("Defendant"), for age discrimination in violation of the

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. Before the Court

are the parties' cross-motions for summary judgment. For the following reasons, summary

judgment is granted in favor of Defendant.

### I. BACKGROUND

#### A. Local Rule 56.1

The facts of this case are largely undisputed, in part because Plaintiff—despite previous

cautions from the Court to follow proper procedural rules—failed to comply with the

requirements of United States District Court for the Northern District of Illinois Local Rule 56.1.

See Minute Order, Feb. 14, 2013; Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir.

2008) ("[C]ourts are required to give liberal construction to pro se pleadings . . . [but] pro se

litigants are not excused from compliance with procedural rules." (citations omitted)). The Court

notes that Defendant properly served Plaintiff with a Notice to Pro Se Litigant Opposing Motion

for Summary Judgment, which further explains the procedural rules for summary judgment. See

N.D. Ill. L.R. 56.2. As discussed below, the Court accepts as true all material facts submitted by Defendant and not properly disputed by Plaintiff.

"District courts have broad discretion to enforce and require strict compliance with their local rules." Benuzzi v. Bd. of Educ. of City of Chi., 647 F.3d 652, 655 (7th Cir. 2011) (citing Elustra v. Mineo, 595 F.3d 699, 710 (7th Cir. 2010)). Pursuant to Local Rule 56.1, a litigant moving for summary judgment shall file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." N.D. Ill. L.R. 56.1(a)(3). In addition, a litigant opposing a motion for summary judgment must file "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." Id. at 56.1(b)(3)(C).

First, Plaintiff failed to file a statement of facts with citation to supporting evidence along with her memorandum in support of summary judgment. Plaintiff likewise failed to file a statement of additional facts in response to Defendant's motion for summary judgment. Plaintiff's attempt to present facts through attached exhibits and arguments contained in her memoranda in support of, and in response to summary judgment, instead of in separate statements of fact is improper and such facts are stricken. See Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006) ("A district court does not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with Local Rule 56.1, the court chooses to ignore and not consider the additional facts that a litigant has proposed."); see also Cichon v. Exelon Generation Co., LLC, 401 F.3d 803, 810 (7th Cir. 2005) (finding that the district court did not abuse its discretion when it ignored facts proposed within a memorandum as opposed to a separate statement of facts in accordance with Local Rule 56.1). Additionally, several pages of Plaintiff's

2

various memoranda and proposed exhibits contain unauthenticated documents and unsworn statements, which are inadmissible on summary judgment, and therefore will not be considered by the Court when ruling on the instant motions. See Gunville v. Walker, 583 F.3d 979, 985 (7th Cir. 2009) ("Admissibility is the threshold question because a court may consider only admissible evidence in assessing a motion for summary judgment" and "[a] party may not rely upon inadmissible hearsay to oppose a motion for summary judgment."); Carlisle v. Deere & Co., 576 F.3d 649, 655 (7th Cir. 2009) (stating that "to defeat a motion for summary judgment, [a party] may rely only on admissible evidence" and if "evidence is inadmissible hearsay, [courts] may not consider it").

Lastly, pursuant to Local Rule 56.1, a litigant opposing a motion for summary judgment must file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(B). While Plaintiff responded to Defendant's 56.1 Statement of Material Facts, her denials were improperly raised and unsupported with citation to admissible evidence. See Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 528 (7th Cir. 2000) (finding that the district court did not abuse its discretion when it struck the plaintiff's response to the defendant's statement of facts where "the statement [was] so full of argument, evasion, and improper denials that it defeat[ed] the whole point of [the] Local Rule."). Because Plaintiff did not properly support her denials, Defendant's facts are deemed admitted. See N.D. Ill. L.R. 56.1(b)(3)(C); see also See Jupiter Aluminum Corp. v. Home Ins. Co., 225 F.3d 868, 871 (7th Cir. 2000) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission." (internal quotation marks and citation omitted)).

3

**B. Facts**

The following facts are undisputed. Plaintiff was and is a full-time window/distribution clerk at the Fort Dearborn Station of the Chicago Post Office. On March 31, 2010, Lisa Maya Tolbert ("Tolbert"), normally the customer service supervisor, was filling in as the supervisor of the window/distribution clerks. Tolbert was told in advance that it should take no longer than 15 minutes for a window/distribution clerk to close out his or her window before the end of his or her shift. That day, Plaintiff was scheduled to work until 3:30 p.m.; however, Tolbert claims that she observed Plaintiff close her window approximately 45 minutes early at 2:30 p.m. Tolbert claims that she ordered Plaintiff to reopen her window and that Plaintiff refused for various reasons. Tolbert never observed Plaintiff reopen her window that day. Plaintiff denies that she closed her drawer early and maintains that she continued to complete transactions until after 3:00 p.m. However, because Plaintiff fails to support her assertion by affidavit or through admissible evidence, it will not be considered.

Shortly thereafter, Tolbert discovered that Plaintiff had worked unauthorized overtime on March 31, 2010, despite having closed her window early that day. When asked, Plaintiff explained that she had to take extra time to close out her drawer due to additional transactions and for the purpose of inputting her customs forms. Following her discussion with Plaintiff, Tolbert further discovered through the Postal Service electronic database ("TACS") that Plaintiff had worked small units of unauthorized overtime on March 29 and 30, 2010 as well. On April, 12, 2010, Tolbert drafted a notice of a seven-day suspension containing two charges: (1) Failure to Follow Instructions, and (2) Use of Unauthorized Overtime. The first charge stemmed from Plaintiff's alleged failure to reopen her window to customers on March 31, 2010. The second charge was for Plaintiff's use of unauthorized overtime on March 29, 30, and 31, 2010.

4

On April 15, 2010, the notice of the seven-day suspension was issued to Plaintiff. In the first two sentences, the notice states: "I am issuing to you this 7-Day Suspension for the reason(s) set forth below. Unless delayed by the initiation of a timely grievance, you will begin your suspension effective on May 9, 2010 at 07:00am." Def.'s Local Rule 56.1(a)(3) Statement of Material Facts in Supp. of Mot. of the Postal Service for Summ. J. ¶ 31. The second page of the notice once again reiterated that the suspension would be delayed by the timely filing of a grievance:

> However, if a timely grievance is initiated, the effective date of the suspension will be delayed until at least ten calendar days after the disposition of the grievance, either by settlement or an arbitrator's final and binding decision. During this time, you will remain on the job or on the clock, at the discretion of the Postal Service, while in a pay status.

Id. ¶ 32. Finally, the last section of the notice informed Plaintiff that: "In response to this corrective action, you have the following rights: You have the right to file a grievance under the procedures set forth in Article 15 of the National Agreement within fourteen (14) days of your receipt of this notice." Id. at Ex. G, p. 3.

On April 15, 2010—the same day in which Plaintiff received the notice of suspension— the postal workers' union initiated a grievance on Plaintiff's behalf, challenging the suspension. The union and Defendant settled the grievance on June 25, 2010. The settlement reduced Plaintiff's seven-day suspension to an official job discussion.

While the grievance was pending, Plaintiff failed to report to work from May 9, 2010 through May 13, 2010. Management did not know why Plaintiff did not come into work and marked her absent without leave ("AWOL") for the five days that Plaintiff missed.

5

## C. Procedural History

Plaintiff raised an informal claim of discrimination with an EEO counselor on April 16, 2010. On June 28, 2010, Plaintiff filed a formal complaint of discrimination with the U.S. Postal Service. The Postal Service issued a final agency decision denying Plaintiff's discrimination claims on March 31, 2011. On June 27, 2011, Plaintiff initiated the instant action before this Court.

Plaintiff filed a complaint against Defendant alleging age discrimination, sex discrimination, harassment, and retaliation resulting from a seven-day suspension which she allegedly served. Thereafter, Plaintiff filed a motion titled "Motion of Resolution" seeking compensatory and punitive damages in excess of $11 million dollars and a hearing was held on November 18, 2011. Following the hearing, the case was dismissed as frivolous. Plaintiff appealed and on November 2, 2012, the Seventh Circuit affirmed this Court's dismissal of all of Plaintiff's claims, with the exception of Plaintiff's age discrimination claim. Specifically, the court ordered that:

> [F]urther district-court proceedings are necessary to decide whether the appellant's seven-day suspension in 2010 gives rise to a nonfrivolous claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621-34. Although the district court correctly noted that the ADEA does not authorize awards of compensatory or punitive damages, the appellant nonetheless may pursue appropriate equitable relief, including backpay. . . . In all other respects the judgment is **AFFIRMED**.

Morrow v. Donahoe, No. 12-2666, slip op. at 1-2 (7th Cir. Nov. 2, 2012) (citation omitted). Therefore, on remand, Plaintiff may proceed only on her remaining claim for age discrimination. The Court notes once again that, although Plaintiff continues to argue on behalf of all of her original claims, only her age discrimination claim and the possibility of equitable relief are

properly before the Court. The parties' cross-motions for summary judgment are fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

"Cross-motions [for summary judgment] must be evaluated together, and the court may not grant summary judgment for either side unless the admissible evidence as a whole—from both motions—establishes that no material facts are in dispute." Bloodworth v. Vill. of Greendale, 475 F. App'x 92, 95 (7th Cir. 2012). "Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Egonmwan v. Cook Cnty. Sheriff's Dep't, 602 F.3d 845, 849 (7th Cir. 2010) (internal quotation marks and citation omitted).

The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. Benuzzi, 647 F.3d at 656 (citing Groesch v. City of Springfield, Ill., 635 F.3d 1020, 1022 (7th Cir. 2011)). But before the nonmoving party "can benefit from a favorable view of evidence, he must first actually place evidence before the courts." Montgomery v. Am. Airlines, Inc., 626 F.3d 382, 389 (7th Cir. 2010). Simply showing that there is "some metaphysical doubt as to the material facts" will not defeat a motion for summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted); see also Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir.

2008). If the nonmovant "is unable to 'establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial,' summary judgment must be granted." Benuzzi, 647 F.3d at 662 (quoting Celotex Corp., 477 U.S. at 322).

## B. Age Discrimination

Pursuant to the ADEA, "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "To establish a violation of the ADEA, an employee must show that age actually motivated the adverse employment action." Van Antwerp v. City of Peoria, 627 F.3d 295, 297 (7th Cir. 2010).

Plaintiff "may set forth an ADEA claim through the direct or indirect method of proof." Id. To survive summary judgment under either method, Plaintiff "must create at least an inference of illegal discrimination." Greene v. Potter, 557 F.3d 765, 769 (7th Cir. 2009) (internal citation and quotation marks omitted); see also Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999) ("Under either method, summary judgment is improper if the plaintiff offers evidence from which an inference of discrimination may be drawn.").

### 1. Direct Method

"Under the direct method, a plaintiff must 'present either direct evidence of discriminatory intent (such as an admission) or enough circumstantial evidence to allow a rational jury to infer that discriminatory intent motivated [the adverse employment action].'" Martino v. W. & S. Fin. Group, 715 F.3d 195, 202-03 (7th Cir. 2013) (quoting Burnell v. Gates Rubber Co., 647 F.3d 704, 708 (7th Cir. 2011)). Plaintiff does not present any direct or circumstantial evidence of age discrimination. Instead, Plaintiff contests the incidents leading up

to her proposed suspension—arguments which were already successfully settled by the union through the grievance process in June of 2010. Plaintiff's bald assertion that she was discriminated against on the basis of her age does not constitute direct or circumstantial evidence of age discrimination. See Montgomery v. Am. Airlines, Inc., 626 F.3d 382, 389 (7th Cir. 2010) ("[M]ere conclusory allegations do not constitute evidence."). Therefore, she proceeds only under the indirect burden-shifting method prescribed by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

### 2. *Indirect Method*

Under the indirect burden-shifting method, Plaintiff must establish a prima facie case of age discrimination by showing that "(1) she is a member of a protected class; (2) she met [her employer's] legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside of her protected class received more favorable treatment." Cambell v. Adventist Hinsdale Hosp., No. 12-1885, 2013 WL 1278090, at *2 (7th Cir. Mar. 29, 2013). "Once a prima facie case is established, a presumption of discrimination is triggered." Coleman v. Donahoe, 667 F.3d 835, 845 (7th Cir. 2012). The burden then shifts to Defendant to "produce a legitimate, noninvidious reason for its actions." Atanus v. Perry, 520 F.3d 662, 672 (7th Cir. 2008). If Defendant is able to provide such a reason, "the burden then shifts back to [Plaintiff] to show that [Defendant's] reasons 'are false and only a pretext for discrimination.'" Id. (quoting Bahl v. Royal Indem. Co., 115 F.3d 1283, 1290 (7th Cir. 1997)).

It is undisputed that Plaintiff, who is fifty years of age, is a member of a protected class. See 29 U.S.C. § 631(a) ("The prohibitions in this Act shall be limited to individuals who are at least 40 years of age."). Defendant contends, however, that Plaintiff is unable to meet her burden

9

to establish an adverse employment action or a similarly situated employee who was treated more favorably.

### a. Adverse Employment Action

On April 15, 2010, Plaintiff received notice of a proposed seven-day suspension to be served beginning on May 9, 2010. Plaintiff admits that the notice of her proposed suspension specifically stated: "Unless delayed by the initiation of a timely grievance, you will begin your suspension effective on May 9, 2010 at 07:00am." Def.'s Local Rule 56.1(a)(3) Statement of Material Facts in Supp. of Mot. of the Postal Service for Summ. J. ¶ 31 (emphasis added). The same day, April 15, 2010, the union initiated a grievance effectively postponing or delaying the proposed suspension during the pendency of the grievance process. The union settled the grievance on June 25, 2010; and as part of the settlement, Plaintiff's proposed suspension was reduced to an "official job discussion." Id. ¶ 42. Although Plaintiff's suspension was postponed pending the grievance process and ultimately rescinded, Plaintiff nevertheless failed to report to work on May 9, 2010 through May 13, 2010. Management was unaware of the reason Plaintiff did not come into work and she was marked AWOL. Defendant argues that Plaintiff's "self-imposed suspension" where she voluntarily skipped work for five days does not constitute an adverse employment action. Plaintiff maintains that she served the given suspension, which constitutes an adverse employment action.

"Although [courts] have defined adverse employment actions 'quite broadly,' an adverse action must materially alter the terms or conditions of employment to be actionable under the antidiscrimination provision of Title VII." Porter v. City of Chi., 700 F.3d 944, 954 (7th Cir. 2012). "[R]eprimands without material consequences," such as the official job discussion which Plaintiff ultimately received, "generally do not constitute adverse employment actions." Id. at

10

955. Furthermore, it is well-established in this circuit "that 'a suspension without pay that is never served does not constitute an adverse employment action.'" Nagle v. Vill. of Calumet Park, 554 F.3d 1106, 1120 (7th Cir. 2009) (quoting Whittaker v. N. Ill. Univ., 424 F.3d 640, 647 (7th Cir. 2005)). Here, the undisputed facts show that Plaintiff did not serve a suspension. Plaintiff's proposed suspension was postponed almost immediately upon receipt, and ultimately, revoked. Plaintiff's mere subjective belief that she served an imposed suspension is insufficient to create a genuine issue of material fact that she suffered an adverse employment action. See Yancick v. Hanna Steel Corp., 653 F.3d 532, 548 (7th Cir. 2011) ("If the subjective beliefs of plaintiffs in employment discrimination cases could, by themselves, create genuine issues of material fact, then virtually all defense motions for summary judgment in such cases would be doomed." (quoting Mlynczak v. Bodman, 442 F.3d 1050, 1058 (7th Cir. 2006))). Therefore, the five days that Plaintiff voluntarily failed to attend work—albeit, coincidentally the same five days that were initially designated as a suspension—do not constitute an adverse employment action.

### b. Similarly Situated Employees

In addition, Defendant argues that Plaintiff fails to establish any "similarly situated individuals outside of her protected class [who] received more favorable treatment." Cambell, 2013 WL 1278090, at *2. "In the usual case a plaintiff must at least show that the comparators (1) dealt with the same supervisor, (2) were subject to the same standards, and (3) engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." Coleman, 667 F.3d at 847 (internal quotation marks and citation omitted).

Plaintiff lists a number of employees whom she alleges used unauthorized overtime but did not receive a suspension from Tolbert: Gail Rocket, Mildred Samuel, Angela Howard, Anthony Calven Ezell, Jr., Grover Tilmon, Angela Gladney, Latrice Hobson, Felicia Hardy, and Rhonda Frazier. Mot. of Pl. Resp. to Summ. J. (Doc. No. 97, May 8, 2013) 11-12. Plaintiff fails to provide any further discernible information about the alleged comparators, except for one—Angela Howard. Plaintiff alleges that Angela Howard, age forty-five, used small amounts of unauthorized overtime on March 30, 2010 and March 31, 2010—the same days on which Plaintiff was cited for using unauthorized overtime—but did not receive any disciplinary action. However, Angela Howard is not outside Plaintiff's protected class of those forty years of age or older, and therefore does not qualify as a similarly situated employee. Furthermore, Plaintiff was cited for failing to follow instructions when her supervisor, Tolbert, ordered her to reopen her window as well as using unauthorized overtime; but she fails to establish or even allege that any of her nine proposed comparators did anything more than use unauthorized overtime. Therefore, Plaintiff fails to establish a similarly situated employee who received more favorable treatment. "Absent a valid comparator, [Plaintiff] cannot move past summary judgment under the indirect method of proof." Diaz v. Kraft Foods Global, Inc., 653 F.3d 582, 590 (7th Cir. 2011). Accordingly, Plaintiff fails to establish a prima facie case of age discrimination under the indirect method. Summary judgment in favor of Defendant is therefore appropriate.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied and the Court enters summary judgment for Defendant on Plaintiff's age discrimination claim.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: July 15, 2013